IN THE

## SUPREME COURT OF THE STATE OF GEORGIA,

## AT MILLEDGEVILLE,

## NOVEMBER TERM, 1850.

Present—JOSEPH H. LUMPKIN,  
        HIRAM WARNER, }Judges.  
        EUGENIUS A. NISBET,

---

No. 41.—CALEB C. WEEKS AND WIFE, plaintiffs in error, *vs.* ABRAHAM SEGO, administrator, &c. defendant.

[1.] When a particular mode or manner is pointed out, for the disposition of the separate estate of a married woman, in the marriage settlement, she cannot dispose of it in any other way, as where she had the power of disposing of her property by will, with the *consent* and *approbation* of her trustee : *Held,* she could not make a valid disposition of it by will, without the consent and approbation of such trustee.

[2.] Where one of several parties in a cause signs an appeal bond, with security, and there are other parties who have failed to sign the bond according to law : *Held,* under the Act of 1839, that the appeal was good as to the party who had properly signed the appeal bond.

[3.] Where a party makes application for letters of administration on the estate of a decedent, and his application is resisted by other parties claiming to have a will, the party making the application for the letters of administration will be considered the promovant in the cause, and will be entitled to open and conclude the argument of the cause to the Jury.

Appeal from Court of Ordinary. In Richmond Superior Court, June Term, 1850. Tried before Judge STARNES.

By a marriage settlement entered into 30th Dec. 1847, between William Wiggins and Sarah McColler, the property of the latter was secured to a trustee for her sole and separate use— " the said William Wiggins, in no event, to inherit the same— with power to the said Sarah, notwithstanding her coverture, and *with the consent* and *approbation of her said* trustee, to sell, assign, transfer and devise, or either, all or any part of the said property at pleasure : *Provided, always,* that the said Abraham Sego shall not be liable in any way or manner for any loss, waste or mismanagement of said property not occasioned or committed by him."

After the death of Mrs. Wiggins, Abraham Sego obtained temporary letters, and applied for permanent letters of administration on her estate.

To this application, Caleb C. Weeks, in right of his wife, (formerly Amelia Atwell) filed objections, on the ground that the decedent died testate, propounded the following paper as her will :

" GEORGIA, RICHMOND COUNTY :

Know all men by these presents, that I, Sarah McColler, of the County and State aforesaid, viewing the uncertainty of life, and the very great certainty of death, being about to leave Georgia, to travel to the State of Alabama (should I, the said Sarah, depart this life, and not return again) this is to make known to all who it may concern, that it is my will and deed, that Amelia Atwell heir of all that I possess in my own right, which I leave in her possession.

her<br>
SARAH ✕ McCOLLER.<br>
mark

Signed, sealed and delivered in possession of this 10th day of November, 1842.

AMISTEAD FULCHER.

DAVID G. SALALISBURY, J. P."

To the probate, objections were filed by Sego, and Jeremiah Atwell as one of the heirs.

The Court of Ordinary ordered the will to record, and an appeal was entered by Sego, with Jeremiah Atwell as security. The appeal bond was also signed by "the heirs of Sarah McColler by their attorney, Wm. R. McLaws."

On the trial in the Superior Court, plaintiff in error moved to dismiss the appeal, on the grounds—

1st. That there was no security given according to law.

2d. That McLaws shows no authority for signing as attorney.

3d. The parties to the case below are not parties to the appeal.

The Court overruled the motion, and plaintiffs in error excepted.

Counsel for Sego then moved the Court to be allowed to open and conclude the case before the Jury. The Court held that he was the promovant, and so entitled. To this decision, the counsel for Weeks excepted.

Counsel for Weeks, after the evidence was closed, requested the Court to charge, " That if the Jury believe that, by the marriage articles, Mrs. Sarah Wiggins had authority to dispose of and devise her personal property, the consent of the trustee was not necessary to make a will, executed by her, valid."

The Court refused so to charge, but, on the contrary, charged the Jury, " That by virtue of the marriage settlement, Mrs. Wiggins had no authority to devise the property, except by the consent of her trustee; and that if there was no testimony proving the consent of the said trustee, that they must find that she died intestate."

To this charge, counsel for Weeks and wife excepted.

On these several exceptions, error was assigned.

JOHN SCHLEY, for plaintiff in error, cited the following authorities:

*Liptrot, adm'r, vs. Holmes*, 1 *Kelly*, 388. *Jacques vs. The Methodist E. Church*, 17 *John. Rep.* 577. *Hill on Trustees*, 272, 316, 317, 422, 424, 425. *Hulme vs. Tenant*, 1 *Bro. Ch. C.* 16, 20. *Essex vs. Atkyns*, 14 *Ves.* 542. *Standford vs. Marshall*, 2 *At-*

*kyns,* 69.   17 *Ves. Jr.* 365.   1 *Ball & Beatty,* 47.   *White & Sud. Leading Cases in Equity,* 355, 182, '7, '8, 191, '2.

A. J. MILLER, for the defendant in error, submitted the following points:

1st. The appeal from the Court of Ordinary was properly entered.

2d. Sego being the applicant for administration, and his application being contested, he was plaintiff below, and entitled to open and also to conclude, as testimony was offered by the other parties.

3d. The paper propounded, as the will of the decedent, was only " a provisional contingent disposition" of the property she left *in the possession* of Amelia Atwell, and became void on her return from Alabama.   1 *Vesey, Sr. Rep.* 189.   *Ambler's Rep.* 557.   6 *Vesey's Rep.* 607.

4th. If it were valid, as a will, it was revoked by the subsequent marriage of the testatrix.

5th. The power of disposition, conferred by the marriage settlement, could only be exercised *after* the marriage.   *Sugden on Powers,* 194, 349.   2 *Term Rep.* 684.   2 *Browne's Ch. Rep.* 534. *Chancery on Rights,* 285.   2 *Blk. Com.* 497, 498.

6th. That power must have been exercised in the *mode authorized* by the instrument giving it.   *Sugden on Powers,* 264, 334.   3 *Dess. Eq. Rep.* 417.   1 *Strobhait's Eq. Rep.* 27, 114. 3 *Johns. Ch. Rep.* 77.   8 *Leigh's Rep.* 20.   4 *Yerger's Rep.* 375. 2 *Wharton's Rep.* 11.   1 *Rawle's Rep.* 231.   9 *Smede & Marshall's Rep.* 435.

7th. And the disposition should have been of the property *specified* in the settlement, or of the decedent's estate generally; not of *unspecified* property in the possession of the legatee in 1842.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The first question which we shall consider in this case, is the power given by the marriage settlement to Mrs. Wiggins to

dispose of her separate property.   The marriage settlement secures the property to her *sole and separate use,* notwithstanding her intended coverture, and for that purpose it is conveyed to Abraham Sego, her trustee, with power to sell, assign, transfer and devise, or either, all, or any part of the property, at pleasure, with the *consent and approbation* of her said trustee.

Sarah McColler (afterwards Mrs. Wiggins) made her will, disposing of her separate property to Amelia Atwell, by virtue of the power contained in the marriage settlement, and the only question made by the record on this branch of the case is, as to the validity of the will, *without the consent and approbation of the trustee.*

The Court below held, that the consent and approbation of the trustee was necessary to make the will valid, according to the terms of the marriage settlement; whereupon the plaintiffs in error excepted.   It is insisted, on the part of the plaintiffs in error, that although there is a specific mode pointed out in the marriage settlement, as to the disposition of the separate property by will, yet that does not preclude any other mode of disposition, unless there are *negative words* restraining the exercise of the power of disposition, but in the very mode pointed out.   On the other hand it is contended, that according to the true intent and meaning of the marriage settlement, she was not to dispose of her separate property without the consent and approbation of her trustee, and that not having been obtained, the will is void.

That the authorities upon this question are greatly in conflict, is readily admitted; the cases, in the language of Chancellor *Kent,* are discordant in the application of their doctrines, and perplexingly subtle in their distinctions.   2 *Kent's Com.* 165 This being an open question in this State, we therefore feel at liberty to settle it in conformity to sound principle and public policy.

If the deed of settlement *restricts* her power of disposition of that property to a *particular mode,* it is difficult to perceive, according to principle, why the prescribed mode of disposition should not be observed.   When the parties stipulate, she may dispose of her property by *will.*   It certainly cannot be under-

stood she may dispose of it by *deed,* or in any other manner' she may think proper. *Expressio unius est exclusio alterius.* The consent and *approbation* of the trustee was intended, in this case, as a *restriction* upon her power of appointment—it was the stipulation of the parties; and why should they not be bound by it? This construction, in our judgment, will best protect the rights of married women, and best effect the object of marriage settlements. Mr. *Sugden,* in his treatise, speaking of the execution of powers, says : " If, therefore, a *writing* is required, a disposition, by *parol,* will be invalid, although the property might, by law, be so disposed of. If the power is required to be executed by deed to be *enrolled,* the deed must accordingly be *enrolled*—if a *particular Court* be named, *that Court* must be resorted to. If the *consent of particular persons be required, their consent must be obtained.*" *Sugden on Powers,* 211. 2 *Kent's Com.* 165. 2 *Story's Eq.* 616, *note.* It was urged on the argument, by the counsel for the plaintiff in error, that the principle which must control this case was settled in *Liptrot vs. Holmes,* 1 *Kelly,* 381. In that case, there was no *restriction* upon the right of the wife to dispose of her separate property in the marriage settlement, and therefore, the question was not considered nor decided in that case. In this case, the right of the wife to dispose of her separate property is *restricted* by the express terms of the instrument. The power given to her by the settlement, is not that she may dispose of her separate property, generally, by sale, transfer or devise, but that she may do so with the *consent* and *approbation* of her trustee. It was optional with the parties, when they entered into the settlement, to have imposed the restriction, or to have omitted it ; but having imposed it by their contract, for good and sufficient reasons, doubtless, they must now be held bound by it. The fair and legitimate construction of the settlement is, that the intended wife should have the power to dispose of her separate property with the *consent* and *approbation* of her trustee. The fact, that it is stipulated she might dispose of it *with* the consent and approbation of her trustee, negatives the idea that she might dispose of it *without* such consent and approbation. We do not feel at liberty to reject the words, " *with the consent and approba-*

*tion of her said trustee,*" as unmeaning surplussage, but to regard them as a *restraint* upon her power of disposing of her separate property, secured to her by the marriage settlement. The following cases dicide, that when a particular mode or manner is pointed out, for the disposition of a married woman's separate estate, she cannot dispose of it in any other way. *Morgan vs. Elam,* 4 *Yerger's Rep.* 375. *Lancaster vs. Dolan,* 1 *Rawle's Rep.* 231. *Doty et al. vs. Mitchell,* 9 *Smede & Marshall's Rep.* 435. *Methodist Episcopal Church vs. Jacques,* 3 *John. Ch. Rep.* 77. It is true, the opinion of Chancellor *Kent,* in the last case cited, was overruled by the Court of errors in New York, but we think the opinion of the Chancellor is best sustained by principle and public policy, in regard to marriage settlements in this State. We do not intend to controvert the doctrine, that in a Court of Equity, a married woman, in respect to her *separate* property, is to be considered as a *feme sole,* and may have an absolute dominion or power of disposition over it, *unless her power of disposition be restrained by the marriage settlement under which she became entitled to such property ;* but in this case, we hold that her power of disposition of her separate property *is restrained* by the express terms of the deed of settlement, and that the consent of the trustee was necessary to give validity to the will.

[2.] In regard to the motion to dismiss the appeal, which was assigned as a ground of error, it appears that Abraham Sego was an applicant for letters of administration on the estate of Mrs. Wiggins, which application was resisted. During the pendency of the application for letters of administration, it appears that other parties in interest were before the Court besides Sego. The appeal bond is signed by the heirs of Sarah Wiggins, by their attorney, Wm. R. McLaws, and also by Abram Sego and Jeremiah Atwell, as security. The objection is, that McLaws has shown no authority to sign the bond for the heirs—concede that is so, and yet, the Court below did not err in refusing to dismiss the appeal. Abraham Sego was the party who made the application for the letters of administration, and was one of the parties who signed the appeal bond. By the Act of 1839, where there is more than one party plaintiff or defendant in a suit, and one

party desires to appeal, he is entitled to do so, although the others shall refuse or *fail* to enter an appeal. *Hotchkiss*, 601. Sego was entitled to the benefit of his appeal under the Statute, although the others may have *failed* to do so, in terms of the law.

[3.] The other ground of error assigned to the judgment of the Court below is, that the Court permitted the counsel for Sego to open and conclude the argument to the Jury.

Abraham Sego was the applicant for letters of administration on the estate of Sarah Wiggins, and his application was resisted on the part of Weeks and wife, on the ground, that Sarah Wiggins died testate. Abram Sego was the promovant in the cause, and it was *his* application for letters which Weeks and wife resisted, on the ground they had a will. Weeks and wife were not the promovants in the cause—they did not originate the cause by propounding the will of Sarah Wiggins for probate. Had they have done so, and the other party objected to its probate and record, on the ground that she had died intestate, then Weeks and wife would have been the promovants; but inasmuch as Sego was the promovant in the cause, by making application for letters of administration, his counsel were entitled to open and conclude the argument to the Jury.

Let the judgment of the Court below be affirmed.