Lang *et al. vs.* Hopkins *et al.*

No. 3.—GEORGE LANG *et al.* executors of WM. T. HOPKINS, deceased, plaintiffs in error, *vs.* ELIZABETH H. HOPKINS and SUSAN ANNA HOPKINS.

[1.] It is competent for Courts to set aside verdicts for excessive damages. Where there are rules by which damages may be measured, as in actions on contracts or for torts done to property, the value of which may be ascertained by evidence, a new trial will be awarded, if the finding be contrary to the evidence.

[2.] In suits for personal injuries, where the Court must conclude from the exorbitancy of the damages, that the Jury acted from passion, partiality, or corruption, the verdict will be set aside.

[3.] Courts will never, in the absence of the most satisfactory evidence that the verdict is erroneous, substitute their impressions for the opinion of the Jury.

In Equity in Camden Superior Court. Tried before Judge H. R. JACKSON, April Term, 1851.

This bill was filed by Elizabeth H Hopkins and Susan Anna Hopkins, the widow and child of William T. Hopkins, deceased, against the executors of his will, to recover a " reasonable support" under the Act of 1838. See *Vol. IX.* 361. It appeared upon the trial that the estate was a large one, the annual income amounting to $12,000; that the complainants were all the family left by testator, and that Susan Anna Hopkins, the daughter, was one of the residuary legatees. The other residuary legatee was a stranger in blood. It also appeared that under the advice of her physician, Mrs. Hopkins was forced to travel with Susan Anna Hopkins for her health. Upon the trial, the Jury found in favor of the complainants, the sum of six thousand dollars. Whereupon, a motion for a new trial was made by the solicitors for the executors, on the ground that the decree of the Jury was excessive in amount, and not a *reasonable* maintenance, under the Act of 1838.

The Court refused to grant the motion, and this decision is brought up for review.

Lang *et al. vs.* Hopkins *et al.*

W. Law, for plaintiff in error.

This case lies within a very narrow compass. There can be no doubt that excessive damages is good cause for granting a new trial.

When there is a legal measure of damages, or any rule or principle by which they may be estimated, and that rule or principle has been violated, the Court will interfere. 4 *Mass.* 1, 41. 5 *Ib.* 435. When there is no such rule or principle, the Court interferes cautiously, unless the damages are outrageous or flagrantly excessive, or the Court is satisfied that there is no reasonable measure between the injury and the compensation, or unless the amount of damages warrant the belief that the Jury have been influenced by partiality or prejudice. 1 *Yeats*, 299. 1 *South.* 338. 15 *Mass.* 365. 16 *Pick.* 541. 1 *Term Rep.* 277. 5 *Term Rep.* 257.

There is a principle in this case to guide the judgment. It is a *reasonable* maintenance which the law allows; but the Jury have assessed a most unreasonable sum. Here is a lady and one child, living on a plantation in the country. Is not the sum of $6000 for their support for one year, so unreasonable as to warrant the belief of partiality and prejudice? The law does not contemplate a fund to travel, or for enjoyment and pleasure; it means the necessary comfortable support in the manner in which the children and wife have been accustomed to live. If the Jury can give away $6000 in this way, why not one-half of the estate?

One of the dearest and most invaluable rights to the citizen, is the right of testamentary disposition. It ought not to be allowed to be impaired by the partiality or prejudice of Juries, under color of this law, which was made for no such purpose.

John E. Ward, for defendants in error.

The motion for a new trial in this cause was not upon any alleged error on the part of the Court below, but upon the sole ground that the decree was excessive in amount. His Honor,

*Henry R. Jackson,* before whom this cause has been twice tried, having overruled this motion for a new trial, this writ of error is brought to reverse that decision.

1st. A Court may grant a new trial upon the ground of excessive damages. This is the extent to which any of the authorities have gone upon this subject. *Ducker vs. Wood,* 1 *Term R.* 277. *Jones vs. Sparrow,* 5 *Term R.* 257.

2d. While the Courts have thus exercised the power of revising the opinions of Juries, they have established fixed rules by which they will be governed in the exercise of that power, and this power will never be exercised where there are no grounds by which the excess might be fairly measured; because, the damages or the amount found by the Jury exceeded what, in the opinion of the Court, would have been a proper amount. *Duberly vs. Gunning,* 4 *T. R.* 651. *Harvey vs. Huggins,* 2 *Bailey,* 268, 269. *Park vs. Hopkins,* 2 *Bailey,* 408, '9, '10. *Jacobs vs. Bangor,* 4 *Shepley,* 191. *Coffin vs. Coffin,* 4 *Mass.* 42, 43, 44, 45. *Mayor, &c. vs. Trustees Bibb Co. Academy,* 7 *Geo. R.* 204.

3d. Where the presiding Judge, before whom the cause has been tried, and who is presumed to have been familiar with the facts and circumstances which transpired at the time of the trial, has, in the exercise of his discretion, refused a motion for a new trial, a very clear case of error must be presented to induce the Court to control its discretion. *Jones vs. State of Georgia,* 1 *Kelly,* 618. *Hudgins vs. State of Georgia,* 2 *Kelly,* 183. *Roberts vs. State of Georgia,* 3 *Kelly,* 322. *Craft vs. Jackson,* 4 *Geo. R.* 363. *Spears vs. Smith,* 7 *Geo. R.* 436, 437. *Berry vs. Matthews,* 7 *Geo. R.* 463.

4th. The value of this estate, the family of the deceased, the condition in which the estate was left, the income of the estate, fully sustain the finding of the Jury. *See will of the deceased. See Acts of* 1838, *p.* 201.

By the Court.—LUMPKIN, J. delivering the opinion.

This cause came on to be heard upon the bill, answer, exhibits and replication, admissions and proofs, it being a suit

brought by the complainants, who were the widow and only child of William T. Hopkins, deceased, against the defendants, who were the executors of William T. Hopkins, deceased, (the said William T. having departed this life in the month of March, in the year one thousand eight hundred and forty-eight,) for a reasonable support.and maintenance of said widow and child for the twelve months immediately succeeding the death of the testator, the executors having refused to pay the same.

The answer having admitted that the complainants were the only lawful family of the deceased testator, and having stated that the said estate was considerable, and much more than sufficient to pay all debts and demands against it, further stated, that by the will of the deceased he had given seventeen negroes and certain other specific articles, and also the tenth part of all his crops remaining unsold, and the tenth part of all his ready money to his wife during her widowhood, (with the exception of the ready money, which he gave her absolutely,) then proceeded to deny the right of complainants to receive any reasonable maintenance from the said estate for the said twelve months. The other complainant, Susan Anna, having also been left a considerable estate by the testator, in the hands of trustees, for her benefit.

It was stated in the answer and admitted by the complainants, that the tenth part of the ready money, and the tenth part of the crops remaining unsold, together with most of the other specific legacies, as directed by the testator, were delivered over to the complainant, Elizabeth H. on account and in accordance with said will, soon after the death of the testator and within twelve months thereafter ; it being further admitted, by the defendants, however, that said money and specific articles were so delivered on account of said legacy, and not under the provisions of the Act of the General Assembly of the State of Georgia, passed in 1838, for the relief of widows and orphans.

It was further admitted by the defendants that complainant, Susan Anna Hopkins, was compelled to travel for her health, under the advice of her physician, as charged in the bill, and that the return of the executors to this bill of exceptions attached

Lang *et al. vs.* Hopkins *et al.*

(and which is herein incorporated and considered as part and parcel thereof,) was a true copy of the actings and doings of the executors, and of the income of said estate for the year ending the 4th day of June, 1849.

The Court, after argument had, charged the Jury " that the meaning of the adjective reasonable, is relative ; that what would be a reasonable support and maintenance in one case, would be unreasonable in another, and that it was their province and duty to look to the circumstances in life of the testator and his family, the amount and situation of his estate, with the view of ascertaining what would be a reasonable support and maintenance for his wife and only child."

And the Jury found in favor of the complainants the following decree : " This cause came on to be heard upon bill, answer, replication and proof and exhibits, whereupon we, the Jury, order, adjudge, decree and find for the complainants the sum of six thousand dollars, and we order, adjudge and decree, that the defendants, as executors of William T. Hopkins, deceased, do pay over to the complainants, the widow and only child of the deceased, the said sum of six thousand dollars with costs of suit ; and we further order, adjudge and decree, that the complainants have leave to issue execution, founded upon this decree, to collect the said sum of six thousand dollars, with costs of suit."

Upon the finding of which decree, the complainants, by their solicitors, moved the Court for a new trial, upon the ground that the decree of the Jury was excessive in amount, and not such reasonable maintenance as is contemplated by the Act of the General Assembly, December 29, 1838.

Upon which motion, by consent of the solicitors, argument was had in vacation, the testimony hereinbefore recited to stand as the brief of the testimony, and his Honor, Judge *Jackson,* after hearing the argument, gave the following decision :

The bill in this case was filed by complainants, the wife and only legitimate child of Wm. T. Hopkins, deceased, to recover from the executors of his estate a reasonable support and maintenance for twelve months next ensuing immediately after his death, under the Act of 1838. It was in evidence before the Jury, that

VOL x   6

his estate was very large, yielding an income of twelve thousand dollars per annum, and that a large balance in cash from the sale of crops was left in the hands of his executors. It was also in evidence, that Susan Anna Hopkins had been in weak health during the year succeeding her father's death, and that under medical advice, her mother had travelled with her for the purpose of restoring it. The Court charged the Jury that the meaning of the adjective reasonable, is relative; that what would be a reasonable support and maintenance in one case, would be unreasonable in another; that it was their province and duty to look to the circumstances in life of the testator and his family, the amount and situation of his estate, etc. with a view of ascertaining what would be a reasonable support and maintenance for his wife and only child. No exception has been taken to this charge. The decree of the Jury was for six thousand dollars. The question before me, is not whether I consider this amount large, but whether, under all the circumstances of the case, it is so excessive as to make it my duty, in exercise of a sound discretion, to set it aside. The law was properly given in charge to the Jury. This is admitted. There is no evidence to show that they were not honest and impartial men. They were a special Jury of the County in which the testator and his family lived. The question before them was a question of fact solely for their determination. They decreed one-half of the income as a reasonable support, under the circumstances, for the complainants. I cannot feel authorized to interfere with their verdict, especially when I recollect that the contest is not between the complainants and creditors of the estate, but between the complainants and residuary legatees (and of these there are but two.) Susan A. Hopkins is one, who appears as a complainant in this action. One-half of the amount of this decree must, therefore, come from her legacy. Under the peculiar circumstances of this case, I should be loth to disturb this verdict, and the legislation of the State clearly teaches me, that Judges should not, except under most extraordinary circumstances, interfere with verdicts of Juries, based upon facts. The motion for a new trial must, therefore, be overruled.

Lang *et al.* *vs.* Hopkins *et al.*

To which  decision, the defendants excepted, on the following grounds :

1st.  That his Honor, the Judge, erred in refusing to grant the new trial moved for in the above case.

2d.  That his Honor erred in deciding that the amount of the decree was  not such excessive  maintenance, under a  just construction of the Act of  1838, as required   the interposition of the Court in granting a new trial.

The following is the return of the executors  appended to the record, and made a part thereof :

*The Estate of Wm. T. Hopkins in  account  current  with George·
Lang and George  W. Thomas, executors.*

1848.                                   DR.

| | | | Voucher | | $ | |
|---|---|---|---|---|---|---|
| June 3. | To cash paid | G. W. Thomas, | Voucher | 1 | $  22 | 12½ |
| " 15. | " | E. H. Hopkins, | " | 2 | 1000 | 00 |
| " 22. | " | J. Stowe, | " | 3 | 873 | 54½ |
| | " | George Lang, | " | 4 | 150 | 00 |
| | " | George Lang, | " | 5 | 2000 | 00 |
| July 5. | " | John Bessent, | " | 6 | 1000 | 00 |
| " 8. | " | R. and G. Lang, | " | 7 | 287 | 10 |
| " 10. | " | T. K. Dunham, | " | 8 | 317 | 13 |
| | " | John Bessent, | " | 9 | 75 | 00 |
| Aug. 15. | " | Gilbert Butler, | " | 10 | 1459 | 24 |
| " 28. | " | Calvin Hays, | " | 11 | 5 | 75 |
| | " | A. A. Denslow, | " | 12 | 31 | 92 |
| | " | A. Bacon, | " | 13 | 13 | 78 |
| | " | Wood & Claghorn, | " | 14 | 9 | 96 |
| | " | Wood, Claghorn & Co. | " | 15 | 88 | 08 |
| | " | Tax Collector, | " | 16 | 140 | 01 |
| | " | John D. Campbell, | " | 17 | 1 | 00 |
| Oct. 3. | " | Elizabeth S. Ripley, | " | 18 | 550 | 00 |
| Dec. 6. | " | Gorge Lang, | " | 19 | 107 | 75 |
| " 11. | " | Lloyd & Owens, | " | 20 | 100 | 00 |
| | " | W. & W. F. Law, | " | 21 | 100 | 50 |
| 1849. | " | J. M. Schley, M. D. | " | 22 | 150 | 00 |
| Jan. | " | Elizabeth H. Hopkins, | " | 23 | 1897 | 93 |
| " 3. | " | E. S. Ripley, 281, 300 | " | 24 | 581 | 00 |
| " 10. | " | E. H. Hopkins, | " | 25 | 168 | 56 |
| " 29. | " | Henry R. Fort, | " | 26 | 56 | 50 |
| Feb. 2. | " | L. Bolles, | " | 27 | 23 | 50 |
| " 6. | " | G. W. Thomas, | " | 28 | 70 | 00 |
| " 7. | " | E. A. Brown, | " | 29 | 100 | 00 |
| " 12. | " | Peter Row, | " | 30 | 75 | 00 |
| " 13. | " | E. S. Ripley, | " | 31 | 400 | 00 |
| " 17. | " | Dr. J. B. Gilbert, | " | 32 | 297 | 00 |
| | " | Verstille, L. & Butler, | " | 33 | 100 | 27 |
| " 19. | " | Susan Hopkins, | " | 34 | 600 | 00 |
| " 26, | " | Gatchell, Mercer & Bean, | " | 35 | 10 | 55½ |
| " 27. | " | Jefferson Stow, | " | 36 | 13 | 19 |

Lang *et al. vs.* Hopkins *et al.*

| | | | |
|---|---|---|---|
| Mar'h 3. | " | E. S. Ripley, or'r to Way & King, 37 | 100 00 |
| " 5. | " | W. D. Brown,     "    38 | 15 50 |
| | " | I. K. Tefft from 37 State Bonds, 39 | 18553 96 |
| | " | N. A. Hardee, same voucher, | 47 25 |
| " 10. | " | Susan Hopkins,    voucher   40 | 1000 00 |
| " 21. | " | E. S. Ripley, o'r to J. D. Hawkins 41 | 294 26 |
| April 2. | " | B. A. Brown,      voucher   42 | 65 00 |
| " 5. | " | T. K. Dunham,      "     43 | 168 50 |
| " 9. | " | M. Hickey,       "     44 | 5 00 |
| " 20. | " | Scranton & Johnson,   "     45 | 45 13 |
| May 2. | " | Wm. Lean,       "     46 | 20 43¾ |
| " 17. | " | Villalonga & Acosta,   "     47 | 1 06¼ |
| " 22. | " | E. S. Ripley act with R. & G.Lang 48 | 5 38 |
| " 22. | " | R. & G. Lang,    voucher, 49 | 189 18 |
| " 22. | " | Joseph M. Nungeger,   "    50 | 56 00 |
| | | | 33,444 65½ |

| | | | |
|---|---|---|---|
| To commission on $27,546 72½ paid out, | | | |
| exclusive Legacies,        $688 66 | | | |
| To com'n on $16,557 93¾ rec'd | | | |
| exclusive ready money,    413 94 | | | 1102 60 |
| Balance on hand to balance, | | | 10,990 03 |
| | | | $45,537 28½ |

## 1848.            CR.

| | | | | |
|---|---|---|---|---|
| June 19. | By cash in Dwelling, | | $ | 329 01¾ |
| | "     Bank of Charleston, S. C. | | | 222 38 |
| | hands of Joseph Lawton & Co. } | | | |
| | Factors, Charleston, S. C. } | | | 24958 71 |
| | By cash in hands of G. W. An- } | | | |
| | derson & Bro. Factors, Savan'h } | | | 2512 30 |
| | By cash on Needham Yates' note, | | | 14 00 |
| | "    T. K. Dunham's note, | | | 57 58 |
| July 8. | "   from G. Butler, his note, | | | 494 03 |
| | "    "     "    account, 1845 and '46, | | | 100 00 |
| | "     J. Stow, | | | 12 50 |
| | "    "   C. M. Pratt, | | | 7 50 |
| Sept. 6. | "   in Merchants' Bank, New York, | | | 58 04 |
| Oct. 3. | "   in Cape Fear Bank, N. Carolina, | | | 898 36 |
| | "   in sale of   1 pair horses,   $350 | | | |
| | "      "       1 Barouche,    125 } sold in | | | |
| | "      "       1 Watch,      65 } N. C. | | 550 00 |
| | "      "       3 trunks,      10 | | | |
| | "   from R. P. Finch, sale 2 horses, | | | 91 20 |
| " 30. | "    "   J. Stow, | | | 8 69 |
| 1849. | | | | |
| Jan. 8. | "    "   D. L. Clinch, ac't. | | | 200 00 |
| | "    "   B. B. Gowen, " | | | 166 50 |
| " 20. | "    "   John Hebbard, on note, | | | 2000 00 |
| Feb. 28. | "    "   Scott & Rogers. for fodder, | | | 10 00 |
| March 5. | "    "   W. D. Brown, for corn, | | | 3 12½ |
| " 8. | "    "   Mrs. Thomas & Ball, for fodder, | | | 10 00 |
| | "    "   Garret, account, | | | 27 00 |
| April 16. | "    "   Estate Tubetha Ashley, account, | | | 331 24 |
| " 28. | "    "   James Brayell, for corn, | | | 20 00 |
| May 8. | "    "   C. J. Cole, for corn, | | | 67 50 |
| " 12. | "    "   E. Brown,     " | | | 23 69 |

Lang *et al. vv.* Hopkins *et al.*

| | | | | | |
|---|---|---|---|---|---|
| May | 17 | By cash, | " John L. Villalonga, account, | 2 | 50 |
| " | 18. | " | " R. & G. Lang, for fodder, | 23 | 33 |
| " | 19. | " | " H. R. Forte, for corn | 6 | 25 |
| " | 19. | " | " E. H. Gatchell, for corn, | 13 | 06¼ |
| | | | " deposited in Planters' Bank, by Messrs. John Frazer & Co. on crop of 1848, at different times, up to 16th April, 1849 inclusive. | 11916 | 49 |
| | | | " 17 bales S. I. Cotton, sold by Messrs. G. W. Anderson & Bro. 18th January, 1849. | 401 | 29 |

$45,537 28½

Returned January 4th, 1849, by
GEORGE LANG,
GEORGE W. THOMAS,    } Ex'rs.

[1.] We concur with counsel for the plaintiffs in error, that excessive damages is good cause for granting a new trial, and that the discretion of Courts may be properly exercised in this respect in two cases: one where the law recognizes some fixed rules and principles in measuring the damages, whence it may be known that there is error in the verdict, as in actions on contracts or for torts done to property, the value of which may be ascertained by evidence.

[2.] The other includes suits for personal injuries, where, although there is no fixed criterion for assessing the damages, yet the Court must conclude, from the exorbitancy of them, that the Jury acted from passion, partiality or corruption.

But, as was very pertinently remarked by Chief Justice *Parsons*, in the case of *Coffin vs. Coffin*, cited in the argument to enable the Court to draw the conclusion, that some foreign and disturbing influence has acted on the minds of the Jury, which naturally produced error or injustice; satisfactory evidence should be offered to show that the damages are excessive, and in our opinion, this evidence is not before us.

[3.] We may be impressed with the belief that the maintenance allowed in this case, although it amounted to but one-half the annual income of the estate, was too great, and that a less sum would have been adequate to the support of the family, as contemplated by the Act of 1838.

But where is the proof in the record to justify this inference? The Jury were taken from the neighborhood; there is no evi-

dence that they were tampered with, or were connected with either party. The cause, it is conceded, was fairly and fully submitted to them, and they found a verdict for the plaintiffs, assessing their support at one-half of the net yearly income of the estate. As Judges, we are not authorized to substitute our conjectures or apprehensions for the determination of that body on whom the law has devolved the duty of deciding, duly weighing all the circumstances of the case.

Had proof been introduced in the trial that three thousand dollars was an ample allowance for the widow and daughter in that part of the country, considering their condition in life and the size of the estate, then a verdict given for double that amount, would have carried on its face the evidence that it was founded in bias or prejudice. But no such testimony was tendered. Judges should be very cautious, therefore, how they overthrow verdicts given by twelve men on their oaths, on the ground of excessive damages, upon a matter left so entirely to their discretion, especially where the presiding Judge before whom the cause was tried, and who is presumed to have been familiar with all the facts, has refused to interfere. For this Court to order a re-hearing, under such circumstances, it must be made manifest by *the proof,* that the damages were " flagrantly outrageous and extravagant."

The verdict, consequently, cannot be set aside.