CHENEY *et al. vs.* CHENEY.

1. Where objections were filed to the return of commissioners appointed to set aside a year's support for a widow and minor children, and the case was carried by appeal to the superior court, the applicant stood in the place of the plaintiff in an ordinary case and, where both parties introduced evidence, was entitled to open and conclude.

2. The amount to be allowed for a year's support is to be estimated according to the circumstaces and standing of the family previous to the death of its head, keeping in view the solvency of the estate. In order to show the circumstances and standing of the decedent's family, and to regulate the amount and character of the year's support which should be found for them (the estate being amply solvent), it was admissible to show the amount of the outlay made by the decedent in the maintenance and education of his adult children, the gifts made to them upon attaining their majority, and the advances made to some of them, for which they were not required to account.

(a.) It is the duty of a father to provide for the maintenance, protection and education of his minor children. When he dies, the authorities of the state take his place in this respect, and will do what is deemed consistent with the honor and reputation of his family. Therefore, evidence of the cost and expense of keeping the minors at school and college was admissible, on the question of fixing the amount of year's support to be allowed from an amply solvent estate; and it was error to hold that this was not an element which went to make up the amount to be set apart, and that the facts could be considered by the jury only to determine the circumstances and standing of the family, but no further.

(b.) This court has always regarded favorably claims for year's support of a family.

March 18, 1884.

Practice in Superior Court. Parent and Child. Public Policy. Evidence. Before Judge FAIN. Chattooga Superior Court. September Term, 1883.

A widow applied for a year's support on behalf of herself and her minor children. Objections were filed by one of the administrators, who was also a distributee. From the decision of the ordinary an appeal was taken. The evidence showed that the estate was worth between $250,000 and $300,000; that there were thirteen children, four of whom were issue by a former marriage; that all of them had attained their majority, except four, who were aged respectively 18, 16, 14 and 10 years; that the deceased had lived liberally, though not extravagantly; that some of the minors were absent attending school and college at the time of his death; and that the widow was in feeble health, produced by close confinement and attention to decedent. An allowance was made by the ordinary of certain personal property, certain household and kitchen furniture, and $5,000 in cash. On appeal to the superior court, the verdict of the jury reduced the money allowance to $2,500. The applicants moved for a new trial, which was refused, and they excepted. The principal errors alleged were, that the court gave the opening and conclusion to the objector, instead of to the applicants; that he refused to allow them to show the amount of the outlay made by the intestate, in the maintenance and education of adult children, gifts made to them upon attaining their majority, and advancements made to some of them, for which they were not required to account. This was offered for the purpose of showing the jury the circumstances and standing of the intestate's family, and to regulate the amount and character of the year's support which should be found for them. The court also refused to admit testimony as to the cost and expense of keeping the minors at school and college, holding that the year's support and maintenance did not include education, and that such facts

could be considered by the jury only to determine the cir-cumstances and standing of the family, but no further; that it was not an element that went to make up the amount set apart for a year's support; and charged that the jury could not consider the matter of education in estimating the amount thereof.

HAMILTON YANCEY ; W. M. HENRY, for plaintiffs in error.

JOHN W. MADDOX, for defendant.

HALL, Justice.

This was an application, in behalf of a widow and four minor children, for a year's support out of the estate of the deceased husband and father.   Objections were filed by one of the distributees, who was also one of the ad-ministrators, to the provision returned by the commission-ers appointed to set it apart.   These objections were over-ruled by the ordinary, an appeal was taken by the objector, and the case was heard on this appeal, and the provision reduced by the verdict of the jury.   The applicants moved for a new trial, which was refused, and they brought the case to this court.   The estate out of which this allowance was made was large, being worth between $250,000 and $300,000, and was not incumbered by debt or otherwise. There were thirteen children, four by a former marriage and nine by the applicant, all of whom, except four, had attained their majority and were settled in life; these minors were aged respectively 18, 16, 14 and 10 years. Two of the administrators not only consented to the amount allowed for the year's support, but filed a written protest to the objections made by their co-administrator.   The allowance consisted of certain personal property, together with the household and kitchen furniture and five thous-and dollars in cash.   There was evidence that all the grown children had been well educated by the father; that a portion of these minors were from home when he died,

attending college and schools; that the widow was in feeble health, produced by close, confining and devoted attention. to her husband during the protracted sickness, which terminated in his death, and that the family physician had advised a visit to and sojourn in Florida for her restoration. The deceased in his lifetime seems to have been much given to hospitality. It appears that he entertained a great deal of company, and lived generously, though not extravagantly; that while he avoided profusion and excess, he was neither close nor parsimonious; his economy was liberal, discriminating and wise. The sole objection to this allowance to the family was its excess and extravagance.

1. The applicants for the year's support claimed the right to open and conclude the case to the jury; this was refused by the court, and the objector was allowed, over their protest, this privilege. In this we think there was error. We can see no difference in this and any other case where both parties introduce evidence; these applicants were the plaintiffs; the objector was the defendant. The object of the proceeding was to recover the portion of the estate in the hands of the administrators, to which the movants claimed they were entitled. They were certainly entitled to lay the particulars of their demand before the court prior to the consideration of objections thereto; indeed, this was necessary to an intelligible understanding of the answer to their claim, and to this effect have been numerous decisions of this court. 9 *Ga.*, 199, 206; *Ib.*, 359, 363; 24 *Id.*, 211, 215; 38 *Id.*, 235, 239; 47 *Id.*, 612; 52 *Id.*, 169; 65 *Id.*, 727; *Guess et al. vs. Stone Mountain Granite, etc., Co.*, 72 *Ga.*, 320.

2. The various grounds of the motion for a new trial allege error because of the refusal of the court to allow plaintiffs to show the amount of the outlay made by the intestate in the maintenance and education of his adult children, the gifts made to them upon attaining their majority and the advances made to some of them, for which they were not required to account. This testimony was

offered for the avowed purpose of informing the jury as to the circumstances and standing of the intestate's family, and to regulate the amount and character of the year's support which should be found by them. The court also refused to permit applicant to make proof of the cost and expense of keeping the minors at school and college, holding that a year's support and maintenance did not include education, and that the fact could be considered by the jury only to determine the circumstances and standing of the family, but no further; that it was not an element that went to make up the amount to be set apart for their year's support; and he in charging the jury on that question that the matter of the education of the children could not be considered by them in estimating the amount to be allowed as a year's support.

We think the allowance was too much restricted by these several rulings. The wise and liberal policy of our legislation certainly designed to include in the year's support something more than a bare subsistence, with clothes and shelter, and perhaps the means of locomotion for the family. This estimate is to be made according to the circumstances and standing of the family previous to the death of its head, and in making it the solvency of the estate is to be kept in view. Code, §2571. Now here was a family who had always lived in affluence; the estate out of which they sought this support was ample; the net annual income from it probably reached more than $15,000; about one-third of this was set apart; these minors should have been equalized as to advantages with their elder brothers and sisters, all of whom had been educated and maintained as became the circumstances and social standing of their ancestor. The law, in explicit terms, declares it the duty of the father to provide for the maintenance, protection and education of his minor children. Code, §1792. This is indeed taught us in the horn books of the law. The duty is not confined to the life of the parent and husband, but when he has passed away, the authori-

ties of the state take his place, and will do what is deemed consistent with the honor and reputation of his family. When, from any cause, an estate, which is free from debt, is to be kept together longer than a year, support may be set apart to the widow and minors for each year, it is so kept together. Code, §2572. The testimony offered and rejected was pertinent, and should have been admitted; it threw light upon the very question made by this application and the objections filed thereto.

This court has always regarded such claims favorably, as will clearly appear from the following cases, to which many others, if necessary, might be added : 10 *Ga.*, 37 ; 23 *Id.*, 235  237   55 *Id.*, 361 ; 44 *Id.*, 316 ; 61 *Id.*, 218, 221 ; 64 *Id.*, 208, 221.

In the case of *Lang et al., executor, vs. Hopkins*, 10 *Ga.*, 37, the sickness of the minor daughter, who, with widow, composed the entire family, and the necessity of travel to restore her health, were deemed sufficient reasons for allowing $6,000, half the annual income of the estate as a year's support. Here the court rejected testimony offered to show the amount it would cost to furnish similar means, under like circumstances, to build up the shattered constitution of this venerable widow, whose ill health resulted from her tender and constant ministrations to her husband during his long illness. Upon what ground this evidence was rejected, we are at a loss to understand.

We express no opinion as to what should have been the finding of the jury in this case, had it been fairly submitted to them. Since it must go back for another hearing, it would be improper to do so. All that we decide is, that important rights have been withheld from the plaintiffs in error in ordering the conduct of the trial, in the rejection of pertinent and legal testimony, and in improper instructions given to the jury.

Judgment reversed.