RIMES *v.* GRAHAM *et al.*

*John F. Brannen,* for plaintiff.

*W. G. Neville, J. P. Dukes,* and *George M. Johnston,* for defendants.

WYATT, Justice. This case was before this court in *Rimes* v. *Martin,* 197 *Ga.* 273 (29 S. E. 2d, 49), where will be found a full statement of the facts. For that reason the facts are not here restated. The case having been remanded for another trial, upon the trial a verdict was rendered in favor of the defendants in the court below. The plaintiff in the court below filed a motion for new trial. A new trial was granted as to the defendant, Mrs. Lona Mae Martin, administratrix, but was denied as to the defendant, C. D. Graham. The exception is to the judgment overruling the motion for new trial as to the defendant Graham.

1. The question for decision is whether or not an execution in favor of C. D. Graham against Mrs. J. S. Rimes for the balance due on the purchase-price of an automobile can be collected from funds set aside as a year's support to Mrs. Rimes and her minor children. In *Rimes* v. *Martin,* supra, this court said: "Mrs. Rimes testified in reference to the debt on which the execution in favor of C. D. Graham was based as follows: 'That debt of Mr. Graham represented a car I bought from him, and I drove it to Savannah and back and left it in my lane, and he come and got it. I bought a car from him, from Mr. Graham, and I drove it to Savannah once, and I went the next morning and told him that the car wasn't any good, and I wouldn't pay for anything like that; and in about three weeks he come and got the car. I just drove the car one time to Savannah and back and left it in the lane, and I went and told him, and he came and got it in about three weeks. I did not use this car. That automobile was not necessary for my support and maintenance.' This testimony was uncontradicted. Certainly, as to this execution, the verdict was not supported by the evidence."

In the instant case, substantially the same evidence was adduced (which was denied by Graham), with the following additional tes-

timony by Graham, which is quoted from his counsel's brief: "Mrs. Rimes sought me on two or three occasions. Finally I went to her home; she drove the car, came back, stated she wanted it and needed it; that she had not sold her peanuts, gave me a mortgage on her half of the peanuts for the amount I agreed to take for my interest in the automobile. I explained to her that the balance purchase-price was payable and we went to C. J. Edwards, Claxton, Georgia, and changed the papers into her name. The note she gave me was for four days after date, giving her time to sell her peanuts. She did not pay the note, and about ten days later I went to see her, offering her the note if she would surrender the car. . . We had the note with us, and I offered to give her back the note for the car, and she said she still wanted the car and still needed it and that she was going to Statesboro that afternoon or the next afternoon. . . She had pecans and peanuts on the farm, and, as to whether or not she used the car for hauling them to town, she said she did, as her hall was full of stacked peanuts, and she said she had a half interest in them. . . As to whether the pecans were tied on the automobile when she passed me that afternoon in the car going towards Savannah, there were two sacks tied on the bumper of the automobile. . . As to whether you [I] saw her drive the car twice, I don't know how many times I saw her drive the car, but several." It is insisted that this testimony is sufficient to establish the fact that the automobile was shown to be a necessity of life and was used for the support of Mrs. Rimes and her minor children.

The law of this State with reference to a year's support provides: "Among the necessary expenses of administration, and to be pre-ferred before all other debts, except as otherwise specially provided, is the provision for the support of the family, to be ascertained as follows: Upon the death of any person testate or intestate, leav-ing an estate solvent or insolvent, and leaving a widow, or a widow and minor child or children, or minor child or children only, it shall be the duty of the ordinary, on the application of the widow, or the guardian of the child or children, or any other person in their behalf, on notice to the representative of the estate (if there is one, and if none, without notice), to appoint five discreet ap-praisers; and it shall be the duty of such appraisers, or a majority of them, to set apart and assign to such widow and children, or

children only, either in property or money, a sufficiency from the estate for their support and maintenance for the space of 12 months from the date of administration, in case there is administration on the estate, to be estimated according to the circumstances and standing of the family previous to the death of the testator or intestate, and keeping in view also the solvency of the estate. If there is a widow, the appraisers shall also set apart, for the use of herself and children, a sufficient amount of the household furniture. The amount set apart for the family shall in no event be less than the sum of $100; and if it shall appear upon a just appraisement of the estate that it does not exceed in value the sum of $500, it shall be the duty of the appraisers to set apart the whole of said estate for the support and maintenance of such widow and child or children, or, if no surviving widow, to the lawful guardian of the child or children, for their benefit." Code, § 113-1002. It will be noted that a year's support is denominated as being "among the necessary expenses of administration." The law in providing for a year's support does not grant any specific property to be used for all purposes. It is granted for the purpose of supporting the wife, or the wife and minor children, and for no other purpose. It is a natural and logical sequence that money thus set aside as a year's support can not be subjected to the claim of creditors of the wife, other than those creditors who have provided or furnished the family with support or the necessities of life.

In *Cheney* v. *Cheney*, 73 *Ga.* 66, 71, it was said: "This court has always regarded such claims [year's support] favorably, as will clearly appear from the following cases, to which many others, if necessary, might be added: 10 *Ga.* 37; 23 *Id.* 235, 237; 55 *Id.* 361; 44 *Id.* 316; 61 *Id.* 218, 221; 64 *Id.* 208, 221." In *Grant* v. *Sosebee*, 169 *Ga.* 658, 661 (151 S. E. 336), this court said: "A year's support is an anomaly and special favorite of our legislation and jurisprudence;" and then quoted with approval from *Farris* v. *Battle*, 80 *Ga.* 187 (7 S. E. 262): "The provision for a year's support is a branch of the statute of distributions, and the persons entitled to it are just as much and as absolutely entitled as they are, in case of intestacy, to a distributive share of the residue after the year's support is deducted and all debts are paid. It is a branch of the statute of distributions, and prescribes how the estate of a deceased person, to this extent, is to be disposed of. Creditors

are left out, and adult children are left out, until this much of the estate is withdrawn from it; then they are admitted for participation in the balance. They have no right to anything except by the statute of distributions."

"The statutes providing for a year's support and fixing its priority are to be construed liberally in favor of the dependents." *Olmstead* v. *Clark*, 181 *Ga.* 478 (3) (182 S. E. 513). It clearly appears that the policy of our law is to protect this favored creature of our law and preserve the property or money set aside as a year's support for that purpose and none other.

We can not say that a passenger automobile, without more appearing, furnished a share-cropper (and it appears that Mrs. Rimes was a share-cropper), can be classified as a necessity of life. We then look to the evidence in this case by which it is insisted that the automobile appeared to be a necessity. The only fact proved was that on one occasion Mrs. Rimes was seen going in the direction of Savannah with sacks in the automobile and on the bumper that may or may not have contained peanuts or pecans. This one proved fact, coupled with her statement that she "needed" the car, is the basis of the insistence that the automobile was shown to be a necessity. We can not agree with this conclusion. We think that the evidence was entirely insufficient to support the verdict. The refusal to grant a new trial was error.

*Judgment reversed. All the Justices concur, except Bell, C. J., and Duckworth, J., who dissent.*

No. 15157. MAY 10, 1945. REHEARING DENIED JUNE 7, 1945.