A90A0967, A90A0968. GOODMAN et al. v. INDEPENDENT LIFE & ACCIDENT INSURANCE COMPANY et al. (two cases).
(397 SE2d 56)

BIRDSONG, Judge.

Appellants pro se, Gene Nelson Goodman and his son Gene Terence Goodman, appeal the Ware County Superior Court's grant of separate summary judgments to their deceased mother's widower, appellee Ocie Williams, and to Independent Life & Accident Insurance Company ("Independent Life"). Ocie Williams and Independent Life were sued by appellants, Mildred Goodman Williams' son and grandson on November 29, 1989, for conspiracy and other legal injuries, based upon the Ware Probate Court's grant of year's support to widower Ocie Williams on April 3, 1989. The award consists, apparently, of household furnishings and clothes valued at about $300 and $300 in moneys, and a refund of $3.45 by Independent Life to Ocie Williams for overpayment of life insurance premiums.

The basis of the appellants' complaints is that on December 7, 1988, appellants filed a petition to probate a 1978 will and testament of Mildred Goodman Williams, which named them as sole beneficiaries of her estate. Evidently there is a dispute concerning the validity of this will, the nature of which dispute is not contained or reflected in the record before us. On February 20, 1989, Ocie Williams filed an application for year's support which, after rule nisi issued,

was granted in April 1989. Upon this award, Independent Life paid to Ocie Williams the $3.45 for premium overpayment. Appellants' suit contends they are the sole beneficiaries and that Ocie Williams was entitled to nothing. The trial court granted summary judgment to both defendants. *Held*:

1. Appellants timely appealed both grants of summary judgment after the rendition of the second summary judgment made to Ocie Williams, for the earlier judgment to Independent Life, although appealable, was not final until the entire case was disposed. See *Culwell v. Lomas &c. Co.*, 242 Ga. 242 (248 SE2d 641); *Insurance Co. of North America v. Fowler*, 148 Ga. App. 509 (251 SE2d 594).

2. The superior court did not err in granting summary judgment to the defendants upon this lawsuit. The record shows unequivocally that a will of Mildred Goodman Williams has not been probated and that, if there is a dispute, it has not been resolved by the probate court. Appellees contend that inasmuch as the probate or administration was not complete, the suit in superior court was premature, citing generally *Allen v. Stephens*, 102 Ga. 596 (29 SE 443); *Baker v. Tillman*, 84 Ga. 401 (11 SE 355). However, OCGA § 53-5-21 gives a right to appeal an award of year's support to the superior court, as with "*any decision* made by the probate court, except an order appointing a temporary administrator" (emphasis supplied) (OCGA § 5-3-2); clearly, this allows appeal of such decision even if the estate is not fully probated or administered. *Tilley v. King*, 193 Ga. 602 (19 SE2d 281). See *Cubine v. Cubine*, 69 Ga. App. 656 (26 SE2d 462).

The superior court granted summary judgment to the defendants *apparently* upon the grounds they raised, to wit, that the will had not been fully probated; or, at best, upon the grounds that the appellants had not shown by any record or evidence that the probate court erred in granting year's support. The right to year's support by a widower is a vested right, superior to any encumbrances or debts or other legal entitlement of or to the estate, including bequests to legatees under a testate deceased; it is thus so as a matter of public policy and is a favored creature of the law, intended to protect the widow or widower and minor child and children even if the award overrides a testamentary bequest to another, which in any case would take effect only after all debts paid. OCGA § 53-5-2; *Burch v. Harrell*, 57 Ga. App. 514 (196 SE 205); see *Rimes v. Graham*, 199 Ga. 406 (34 SE2d 443); *Beddingfield v. Old Nat. Bank &c. Co.*, 175 Ga. 172 (165 SE 61); *Clark v. Clark*, 62 Ga. App. 738 (9 SE2d 710). There is nothing in this record to show error on the part of the probate court in setting aside the award to the widower in this estate, including the refund to him of $3.45 overpaid premium by the insurance company. We presume, however, that the matter will remit to the probate court for determination of what has not been adjudicated upon the appellants' petition

for probate. That is, the widower having been entitled to a year's support, the question remains whether there is anything left to devise to the appellants under the will which they seek to probate, and as to which we do not see evidence of caveat or contradiction; this should include their questions as to whether there is a valid insurance policy and who are the beneficiaries of it, and whether there is any other property not taken up by the year's support.

*Judgments affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 6, 1990.

Gene N. Goodman, *pro se.*
J. Floyd Thomas, Frank B. McDonald, Jr., for appellees.