### SPEER *vs.* SPEER *et al.*, executors.

[SPEER, Justice, being disqualified in this case, Judge Underwood, of the Rome circuit, was appointed to preside in his stead.]

A testator provided in his will as follows: " I desire my entire estate to be kept together, either as it exists at present in stocks and bonds, personal and real estate, or that my executors in their discretion may sell all or any part of it and re-invest in good, solvent securities." By other items he provided that the executors should pay out of the income of the estate certain named amounts as annuities to his wife and mother during their respective lives, that in case of protracted sickness on the part of the wife or mother, an additional amount might be set apart to meet the increased expense, " keeping in view the total income." Disposition was made of any excess of income above the annuities, and at the death of the wife and mother a division among remaindermen was provided for. The widow took the annuity and also applied for dower:

*Held*, that the provision in the will was in lieu of dower, and its acceptance barred the widow's right thereto.

Wills. Husband and Wife. Dower. Before Judge HARRIS. Troup Superior Court. May Term, 1881.

Reported in the decision.

FERRELL & LONGLEY; L. E. BLECKLEY, for plaintiff in error.

N. J. HAMMOND; COLLIER & COLLIER, for defendants.

CRAWFORD, Justice.

The issue made by the record in this case is as to the right of the wife to dower in the real estate of the husband.

The questions in controversy involve the construction of the will of John A. Speer, deceased, and whether the widow, after having accepted the testamentary provision made for her, is still entitled to dower.

Dower is that legal right which the wife has to one-third of the lands of which her husband dies seized and possessed, or to which he obtained title in her right. This right is absolute and unconditional, and can not be defeated except by the act of the wife herself.

Whilst there are several modes by which dower may be defeated, the only one necessary to be considered here is that where provision is made by the will, and accepted by the wife after the husband's death, and where the intention of the husband is plain and manifest, that it shall be in lieu of dower.

Notwithstanding the learning and research exhibited by the able counsel representing the respective parties in this case, we think that the law controlling it is clearly defined in our Code, and its application to the facts presented in the record will settle the rights of the parties.

It is agreed that express exclusion or necessary implication is the rule. There being no express exclusion, is the implication against dower conclusive? The will must decide. By the third item thereof testator says: "I desire my entire estate to be kept together, either as it exists at present in stocks and bonds, personal and real estate, or that my executors in their discretion may sell

all or any part of it, and re-invest in good, solvent securities." If these words do not cover everything which the testator owned, then none in the English language could.

Having thus declared how he wanted his entire estate, as it existed at the time of his death, kept together, or all or any part sold in the discretion of his executors, he then directs what shall be done with the income. He says, in item four: "Out of the income of my estate I give and bequeath to my wife, for and during her life, the sum of $700.00, to be paid to her during each year of her life as an annuity."

And by item five, "Out of the income of my estate I give and bequeath to my mother, for and during her life, as an annuity, the sum of one hundred and fifty dollars, to be paid her during each year of her life."

By item seven he provides that in case of the protracted sickness of his wife or mother, and that the annuity provided should not cover necessary expenses, the executors are authorized to set apart an additional amount for that purpose, "keeping in view the total income."

Item eight provides for the disposition of the income, if it should be more than sufficient to meet the annuities.

Item ten declares, "At the death of my wife and mother I direct that my entire estate be equally divided," etc.

Item eleven appointed his executors, leaving it entirely in their hands to manage his estate so as to keep it safe and secure, and to enable them to support and maintain his wife and mother, and at their death to divide it as the will provided.

Thus it will be seen, as it appears to us, that the testator disposed of the *corpus* of his estate, the income therefrom during the lives of his mother and wife, and the final distribution thereof after the death of the survivor. The scheme of the will is to place in the hands of his executors his entire estate, real and personal, to be managed by them, with power to sell any part or all of it as they may

think best, to provide the annuities bequeathed, with the increase thereof upon exigencies which were more than likely to arise ; and when these two objects of the testator's interest should have no further need of annuities, that the whole property might then be divided according to his wishes.

Taking this whole will together, is it not clear and manifest that the testator never contemplated any application by the wife for dower in his lands, which constituted probably less than one-fourth of his whole estate, and that the provision made for her by the will was to be in lieu thereof?   It is perfectly clear to our minds that to assign dower out of these lands would be inconsistent with and repugnant to the keeping testator's entire estate together as it existed at the time of his death, as well as with the right of the executors to sell all or any part of his estate and re-invest it in other securities, to say nothing of many other provisions of the will.

Besides, we cannot agree with the learned and able counsel for the plaintiff in error, that the wife's right of dower is not incorporated in and indissolubly united with the husband's estate, and a part of it, until the same be separated and set apart as provided by law.   It will be remembered that under the English law the wife was dowable out of all the lands of which her husband was seized and possessed at any time during the coverture; whereas in this state by statute she is dowable only out of those lands of the husband, not derived in her right, of which he died seized and possessed.   Therefore the title to the entire estate in his land is his up to his death, and he can convey it without her waiver of the right to dower, and even against her will.   So, also, may he dispose of it by will as his estate, provided in lieu thereof he makes provision for the wife.

Nor do we see any inconsistency between the rule laid down by this court in the 7th *Ga.*, 20, and that which we now declare, except as modified by the Code.   In that

case the court says: "Such testamentary provision in her favor must be declared in express terms to be given in lieu of dower; or the intention of the testator to that effect must be deduced by clear and manifest implication from the will, founded on the fact that the claim of dower would be inconsistent with the will, or so repugnant to its provisions as necessarily to disturb and defeat them." The Code modifies the above ruling to the extent of requiring only that "if the intention of the husband is plain and manifest, that it shall be in lieu of dower," and not that it shall be so repugnant to its provisions as necessarily to disturb and defeat them. But even if the rule in the 7th *Ga.* had been made the law in the Code, and the will under review had to be squared by that, it would not change our judgment in this case.

For, under our best consideration, the annuity is a charge upon the entire estate, real and personal. To allow the widow, then, to enter upon the lands, and carve out of them one-third, according to valuation, including the dwelling-houses, which are not to be valued, or to take one-third of the proceeds of the sale of the lands for life, or a fixed sum in lieu of her life interest, would be to take away from the executors the express powers granted to them by the will, and to defeat the keeping the entire estate together till the death of the wife and mother.

The plaintiff in error, in her petition, says that she "has accepted the annuity under the will, and prays, in addition to this yearly allowance, that she be allowed her dower."

Under the construction which we are bound to give to testator's will and the law, we are constrained to hold adversely to her claim.

Judgment affirmed.