P. C. PENDLETON, ALBERT S. PENDLETON, W. F. PENDLETON, C. I. HARRELL, AND A. J. LITTLE, AS EXECUTORS OF THE LAST WILL AND TESTAMENT OF A. S. PENDLETON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31729.   Promulgated August 27, 1930.

*A. J. Little, Esq.*, for the petitioners.
*L. S. Pendleton, Esq.*, for the respondent.

[redacted]

## OPINION.

MURDOCK: At the time of his death, the decedent owned 262 shares of stock in a close corporation which he controlled. The stock was not listed on any stock exchange and there was no general market for it in which willing sellers and willing buyers might trade freely. The last sale of this stock prior to the decedent's death was to a member of his family in 1921, and the first sale after his death was in 1927 to another member of his family. The

only known sales over a period of seven years were to members of the Pendleton family or to the executors of the decedent's estate, and these sales were so far removed from the date of the decedent's death as to be no true indication of the value of the stock on April 13, 1925. The net earnings of the company for the years 1921 to 1924 were $17,876.19, or an average of $4,469.05 each year, but such earnings are not a sure indication of the value of the stock of the company, since business in these years was generally depressed, and in the two succeeding years the company showed greatly increased earnings, due largely to better business conditions generally. Apparently the Commissioner resorted to the assets underlying this stock in order to determine its value. His determination is prima facie correct and the burden of disproving it is upon the petitioner. *Avery* v. *Commissioner*, 22 Fed. (2d) 6; *William Reibert*, 7 B. T. A. 1198; *Andrew B. C. Dohrmann*, 19 B. T. A. 507. The value of the assets of the corporation on December 31, 1924, tends to show that on that date the stock was worth at least $400 a share. Giving due weight to the other evidence in the case, it is our opinion that the determination of the Commissioner should not be disturbed. Cf. *Estate of Jacob Fish*, 1 B. T. A. 882; *Howard K. Walter et al., Executors*, 2 B. T. A. 453; *George P. Fisher, Executor*, 3 B. T. A. 679; *Julius G. Day, Executor, et al.*, 3 B. T. A. 942; *Homer S. Johnson et al., Executors*, 11 B. T. A. 534; *Anna S. Richards*, 13 B. T. A. 1279; *William Schoenheit et al., Executors*, 14 B. T. A. 33; *Andrew B. C. Dohrmann, supra.*

In determining the net estate of the decedent, the petitioners claim the deduction of $4,000 as an allowance for a year's support of dependents. In so far as material hereto, section 303 (a) (1) of the Revenue Act of 1924 provides that in determining the net estate of a decedent there shall be deducted from the gross estate:

* * * Such amounts reasonably required and actually expended for the support during the settlement of the estate of those dependent upon the decedent, as are *allowed by the laws of the jurisdiction* * * * under which the estate is being administered. (Italics supplied.)

The estate in the instant proceeding is being administered under the laws of the State of Georgia. The Georgia Civil Code of 1910, section 4041, authorizes the allowance of a year's support out of the estate of a decedent to his widow and dependents. Section 4045 of that code is as follows:

A testator may, by his will, make provision in lieu of this support for twelve months; in which case the widow may elect, under the same rules as regulated her election of dower.

Section 5249 (2) provides that dower may be barred by a provision made by deed or will, expressly in lieu of dower, and accepted by the wife after the husband's death.

The decedent made specific provision in his will for his wife in lieu of a year's support and dower. The widow accepted this provision and thereby cut off her right to either dower or a year's support. *Bass* v. *Douglas*, 150 Ga. 687; 104 S. E. 625; *Chambliss* v. *Bolton*, 146 Ga. 734; 92 S. E. 204. Having elected to take under the will, the widow would not be allowed a year's support out of the gross estate under the laws of Georgia, and such amount claimed as an allowance for a year's support of dependents is not deductible in determining the net estate of the decedent. Cf. *Estate of W. A. Blair*, 4 B. T. A. 959; *Fred Wolferman, Executor*, 10 B. T. A. 285; *Jacob A. Jacobs et al., Executors*, 9 B. T. A. 636; affd., 34 Fed. (2d) 233; certiorari denied, 281 U. S. 81 A; *United States* v. *Merriam*, 263 U. S. 179.

*Judgment will be entered for the respondent.*