### KINARD *et al.,* executors, *v.* CLAY.

A widow is entitled to a twelve months' support out of the estate of her deceased husband, notwithstanding the fact that he left to her by will, which was probated over her caveat filed thereto, a life-estate in all his property real and personal.

(*a*) In such a case, where the caveat filed to the probate of the will and

other litigation was pending for a period of three years, and the widow during that time remained in possession of all the real estate left to her for life by the will, and collected and used the rents from the same, she can not be held to account to the executors for the rents so collected and used by her.

(b) The rent so collected and used by the widow was hers as a matter of right, and as a part of her life-estate devised under the terms of the will of her deceased husband, and does not bar her from having a twelve months' support set aside to her out of the realty so devised.

(c) In such a case a widow can not be required to elect as between the life-estate in the entire property devised (together with the proceeds of the real estate she has collected and used pending a caveat filed by her to the probate of the will) and a twelve months' support, in the absence of a manifest intention of the testator by the will to bequeath certain property in lieu of a twelve months' support.

AUGUST 16, 1912.

Year's support. Before Judge J. B. Park. Jasper superior court. December 20, 1911.

*W. S. Florence,* for plaintiffs in error.

*Greene F. Johnson,* contra.

HILL, J. Mrs. Emily Clay made application to the ordinary of Jasper county for a year's support out of the estate of her deceased husband, Jesse Clay. To this application a. caveat was filed by the executors of the will of Jesse Clay. Appraisers were appointed, who set apart 100 acres of land to the applicant as a year's support. A caveat was filed by the executors to the award of the appraisers, and pending the hearing on the same in the court of ordinary the case was appealed to the superior court by consent. The issue coming on to be heard in the superior court, a verdict was directed in favor of the applicant. A motion for a new trial, made by the executors, was overruled, and they excepted.

The 3rd and 4th items of the will of Jesse Clay are as follows: "Item 3. I will to my beloved wife, Emily Clay, a life interest in and to all my property of every nature whatsoever, that is to say: She is entitled to the rents, profits, and issues of my farm consisting of 200 acres more or less, known as the Clay place adjoining the lands of Geo. Oxford, W. H. Middlebrooks place, the Jeff Smith place, C. L. Bartlett's and Jesse Kinard's Digby place, and the Off Pye place in Gladesville Dist. G. M., Jasper county, Ga. I will that my wife have in and by her life interest in said lands the profits, the rents, issues, and profits from all my property yearly, and that she is to in no wise encumber the same for a period longer than 12 months, that is to say that if the necessity arises

35

she might hypothecate the rent notes for one year only. I do this in order to insure that my wife have a sufficient support all during her life, and that she shall in no wise transfer or sell the interest here willed her. Item 4. After the death of my wife Emily Clay, I will that the title in fee in and to the real estate hereinbefore described to go one half to the heirs of my sister, Mary Kinard, and one half to the heirs of my brother Frank Clay. I want my personal property divided in the same manner as the real estate in this item bequeathed." The caveat to the award of the appraisers was as follows: "1. That said Emily Clay is not entitled to 12 months' support out the estate of the intestate, for that she has had an ample provision in the will of Jesse Clay. 2. Because the said Emily Clay has elected and accepted the provisions of the will, and is estopped from further claim on the estate. 3. Because said Emily Clay has the entire estate for life of the said Jesse J. Clay under and through his will, and the title to the land is vested in remaindermen, which said issue has been fought through the superior court of Jasper county, Ga., the record of which is of file in the honorable court of ordinary, in which her application for 12 months' support is pending, and that under the caveat and issue against the probate of the will of Jesse Clay the issue on the 12 months' support is res adjudicata, on all of which the applicant is bound. 4. That the applicant by three years' possession of the property under the will is bound to election and thereby estopped from electing another and different remedy. That there is no title in the intestate to the lands set apart, but under the will is vested in remaindermen, and the return of commissioners is void which sets aside the land. The original caveat as of file in this case is hereby adopted and made a part of this caveat as fully as if herein recited, and this caveat is filed without prejudice to rights thereunder. This March 14, 1910." It appears from the record that Mrs. Clay, the applicant for the 12 months' support, also filed a caveat to the probating of the will of her late husband, and that the caveat was not sustained. The will was probated and admitted to record.

1. The issue to be determined is, whether a widow who is given a life-estate in land under her husband's will, and who takes the proceeds of the land for three years and uses the rents pending the trial of a caveat filed to the probate of the will in court, is put

under election to take the life interest in the land under the will, or the proceeds of the land in lieu of a twelve months' support. It is insisted that by accepting the proceeds of the realty for three years the widow is now estopped from applying for her 12 months' support; that she has elected to take the rents from the place left by the will, in lieu of twelve months' support. And the case of *Speer* v. *Speer*, 67 *Ga.* 748, is cited by the plaintiffs in error, to the effect that the widow has accepted her annuity for three years. In the *Speer* case the court thought that the intention of the testator to give the widow an "annuity" in lieu of dower put her upon election to take the one or the other. "A testator may by his will make provision in lieu of this support for twelve months; in which case the widow may elect, under the same rules as regulated her election in dower." Civil Code, § 4045. But the will here does not make any provision in lieu of twelve months' support, or call for any election on the part of the widow. It is true she filed a caveat to the will and the caveat was decided against her, but it did not deprive her of the right to the life-estate under the will. On the contrary, the judgment probating the will over her objection adjudicated, whether she so willed or not, that the land was hers during her lifetime. When this was done, it adjudicated that the income from the life-estate was hers and not that of the estate. So she was not exercising a right of election in taking the rents, but receiving them in her own right. The will gave her a life-estate in certain lands. She filed no application for dower, as in the *Speer* case, supra. Indeed, the will gave her a life-estate in *all* the lands. After the court had probated the will, which adjudicated that she was entitled to the lands for life, the widow could have demanded and collected the rents for the time the caveat was pending, had they been collected by others than herself. The court had adjudicated that the land was hers for life. If the executors had collected the rents, she could have recovered the amount of them from the date of the testator's death, not as a twelve months' support, but as a part of her life-estate in the lands bequeathed to her. The lesser estate was merged in the greater. Is the widow then, as contended, bound to account to the executors for the rents arising from her legacy—arising from property which the court has adjudicated was hers? To state the proposition is to answer it. If, then, the widow is not accountable

for the rents from the life-estate in the lands, can she have a twelve
months' support set aside to her out of the real estate itself? Our
Civil Code, § 4041, provides: "Among the necessary expenses of
administration, and to be preferred before all other debts,. except
as otherwise specially provided, is the provision for the support of
the family, to be ascertained as follows: Upon the death of any
person testate or intestate, leaving an estate solvent or insolvent,
and leaving a widow, or a widow and minor child or children, or
minor child or children only, it shall be the duty of the ordinary,
on the application of the widow, or the guardian of the child or
children, or any other person in their behalf, on notice to the rep-
resentative of the estate (if there is one, and if none, without no-
tice), to appoint five discreet appraisers; and it shall be the duty
of such appraisers, or a majority of them, to set apart and assign
to such widow and children, or children only, either in property
or money, a sufficiency from the estate for their support and main-
tenance for the space of twelve months from the date of adminis-
tration, in case there be administration on the estate, to be esti-
mated according to the circumstances and standing of the family
previously to the death of the testator or intestate, and keeping
in view also the solvency of the estate. If there be a widow, the
appraisers shall also set apart, for the use of herself and children,
a sufficient amount of household furniture. The provision set
apart for the family shall in no event be less than the sum of one
hundred dollars; and if it shall appear upon a just appraisement
of the estate that it does not exceed in value the sum of five hun-
dred dollars, it shall be the duty of the appraisers to set apart the
whole of said estate for the support and maintenance of such
widow and child or children, or, if no surviving widow, to the law-
ful guardian of the child or children, for their benefit." See also
sections 4042 et seq. A year's support proceeds on the theory that
a widow is entitled to it regardless of everything else. We hold
that receiving her legacy of the life-estate in the property be-
queathed by the testator does not bar the widow from applying for
and having set apart to her a twelve months' support out of any
portion of the estate left by the testator. While this construction
of the will and the law relative to a twelve months' support ap-
parently gives the widow an advantage, by giving her a fee to part
of the land, and a life-estate in the remainder, it is necessarily the

logic of the law as applied to the facts of this case. Under this view of the case, the alleged errors of the court as to rulings made on questions of evidence are immaterial, though it may be stated that the rulings complained of are in accord with the views above expressed.             *Judgment affirmed. All the Justices concur.*