## CHAMBLISS *et al.* v. BOLTON.

1. A widow is entitled to a year's support whether her husband dies testate or intestate. In the case of testacy, in order to put the widow to an election between the provisions made in her favor in the will and her right to a year's support under the statute, such testamentary provision in her favor must be either expressly made in lieu of year's support, or the intention of the testator to that effect must be deduced by clear and manifest implication from the will, founded on the fact that

the claim of year's support would be inconsistent with the will or so repugnant to its provisions as necessarily to defeat them.

2. Where to the report of the appraisers to set apart a year's support to a widow a caveat on the ground of excessiveness is filed, and an appeal is taken from the court of ordinary to the superior court, where the amount awarded by the jury is less than that allowed by the ordinary, the costs of the entire proceeding should be assessed against the applicant.

APRIL 12, 1917.

Appeal.    Before  Judge  Littlejohn.    Sumter  superior  court. June 5, 1916.

*J. A. Hixon* and *R. L. Maynard,* for plaintiffs in error.

*E. A. Hawkins,* contra.

EVANS, P. J.    1. A widow of a deceased person is entitled to a year's support out of his estate, whether he dies testate or intestate. Civil Code (1910), § 4041.    A testator may make provision in lieu of this support, in which case the widow may elect under the same rules as regulate her election of dower.    Civil Code (1910), § 4045.    Dower may be barred by a provision made by will and after the husband's death expressly accepted by the wife in lieu of dower, or where the intent of the husband is plain and manifest that it shall be in lieu of dower. Civil Code (1910), § 5249 (2). The testator in the present instance left a will bequeathing in fee simple to his widow the sum of $1000, and also the income or interest from the sum of $4000 during her life or widowhood. After making two small bequests of personalty, he devised the remainder of his estate, both real and personal, to his two children. The widow applied for a year's support; and his children caveated the return of the appraisers, on the ground, amongst others, that the provision in the will for the benefit of the widow, which was accepted by her, barred her right to a year's support.    When the case was on appeal in the superior court from the court of ordinary, the ground of the caveat raising this point was stricken on demurrer.    It has been held by this court that in order to put the widow to an election between the provisions made in her favor by the will and her right to dower in the estate of the testator, such testamentary provision in her favor must be declared in express terms to be given in lieu of dower, or the intention of the testator to that effect must be deduced by clear and manifest implication from the will, founded on the fact that the claim of dower would be inconsistent with the will or so repugnant to its provisions as

necessarily to disturb and defeat them. *Shivers* v. *Mason,* 7 *Ga.* 20. The record does not disclose the extent of the testator's estate. His testamentary scheme is a simple one. He devised to his wife $1000 in fee simple, and the interest or income to be derived from a loan of $4000 during life or widowhood. The rest of his estate, both real and personal, except two small legacies, was given to his daughters. There is no express exclusion of the widow from her statutory right to have a year's support carved out of her deceased husband's estate, neither does the will reflect the intention of the testator that he intended that she should not avail herself of a statutory year's support. Nor is the allowance of such year's support so inconsistent with the will or repugnant to its provisions as to disturb and defeat the testamentary scheme. The will in this case is very different from that set out in the case of *Speer* v. *Speer,* 67 *Ga.* 748. The testamentary scheme of the will under consideration in that case indicated the testator's intent to put his widow to an election between the devises to her and her legal right of dower. In that will the testator directed that his entire estate should be kept together, and that his executor should pay out of the income certain named amounts and annuities to his wife and mother during their respective lives, and in case of the protracted sickness of either an additional sum might be set apart to meet the increased expense, keeping in view the total income. Disposition was also made of any excess of income above the annuities, and at the death of the wife and mother a division among remaindermen was provided for. The widow accepted the annuity; and she was denied her right to dower, because, if she should be permitted to carve out a dower from the land, such assignment of dower would take away from the executors the express powers granted to them by the will, and would defeat the keeping of the entire estate together until the death of the wife and mother, and because the annuities were a fixed charge upon the testator's entire estate. The will in the instant case is unlike that will, and the allowance of a year's support to the widow would not defeat its testamentary provisions.

2. The appraisers set aside to the widow the sum of $1000. One ground of the caveat was that this allowance was excessive. The return of the appraisers was confirmed by the ordinary, and an appeal was taken to the superior court. The jury in the superior

court reduced the amount to $750. In making the verdict the judgment of the court, three fourths of the costs were awarded against the caveators, and one fourth against the widow. The costs were improperly taxed. The statute provides that the costs of setting apart a year's support should be paid by the applicant out of the fund set apart. Civil Code (1910), § 4047. If litigation ensues after the judgment of the ordinary approving the return of the appraisers, the costs accruing from that litigation are to be taxed as in ordinary cases between adversary parties. In all civil cases, except as provided in the code, the costs are assessed against the losing party. Civil Code (1910), § 5980. The caveators sustained their objection that the allowance to the widow was excessive; they prevailed in the litigation, and the costs should have been assessed against the widow. Direction is given that the judgment be so amended as to assess the costs against the applicant for year's support.

*Judgment affirmed, with direction. All the Justices concur.*