26677. BURCH *et al.*, executors, *v.* HARRELL.

DECIDED MARCH 16, 1938.

*Will Ed Smith*, for plaintiffs in error.   *D. D. Smith*, contra.

STEPHENS, P. J.   Louise M. Harrell filed a petition in the court of ordinary in which she alleged that she was the widow of John J. Harrell, and prayed that a twelve-months' support be set apart to her from the estate of the husband, either in money or such property as she might select, and that a sufficient amount of household furniture also be set apart to her.   The appraisers appointed by the ordinary set apart, as being necessary for the support of the widow, a bank deposit account in the sum of $1877.48, and also certain furniture.   After the return of the appraisers was filed, R. F. Burch Jr. and C. C. Burch, as executors of the estate of John J. Harrell, filed a caveat objecting to the return of the appraisers on the grounds (1) that the amount of property set aside was excessive, unreasonable, and arbitrary; (2) that John J. Harrell died testate leaving a will and codicil which had been duly probated in solemn form, a copy being attached; (3) that Mrs. Harrell had elected to take under the will, under the terms of which it was clearly the intention of the testator that his wife should not have a year's support out of his estate if she accepted the bequests and   devises granted under the will.   The will attached to the caveat bequeathed certain property to an adopted

daughter, and bequeathed to his wife, Louise M. Harrell, all the property of every kind and description owned by him at the time of his death (except that willed to the adopted daughter), to be hers for and during her natural life and widowhood, and, in the event of her death or remarriage, the property then to vest absolutely in his nieces and nephews or such child or children as they left surviving them. In item 5 he directed that his property be kept in good repair by his executor, and that he apply the proceeds derived annually from the crops, sale of surplus livestock, etc., and other revenues received by him as far as necessary to that purpose; that after paying for such repair, upkeep of the place, replacement of unnecessary livestock, and the necessary expenses of farming, making crops, and all expenses incident thereto, and after paying such executor legal compensation for such services, that the remainder of all proceeds from all sources received by the executor be turned over to his wife, Louise M. Harrell, said balance of proceeds to be hers absolutely in fee and unconditionally. Item 6 provided: "I further desire that my property be held in tact, and that none of the lands be sold off, unless absolutely necessary and that fact to be judged by my executor. I refer to the life estate, or any portion of same." In item 8 he appointed R. F. Burch Jr. sole executor, and said: "I expressly confer upon the said executor power to pledge or borrow money necessary to make crops, or to keep up place, and for general farm purposes, authorizing him to secure with personal property and crops, party or parties furnishing or lending moneys for that purpose, or furnishing supplies for same. And that said executor have the right to sell crops, livestock, etc., without any order of court, and at private sale, to whomsoever he may elect, thereby conveying to purchasers good and sufficient titles to the property purchased." The will was dated March 31, 1924. On July 10, 1926, the testator executed a codicil in which he devised to his wife, in addition to the property enumerated in the original will, certain shares of stock in several corporations and a city lot in the City of Eastman, "all the above property to be hers unconditionally and in fee simple;" also the home place and the land adjoining to be hers for and during her natural life or widowhood, with remainder at her death or remarriage to his nieces and nephews. In this codicil he appointed C. C. Burch as coexecutor with R. F. Burch Jr. without bond or having to make returns to the ordinary.

The case in the court of ordinary was appealed to the superior court by consent of the parties. On the trial the two caveators and one other witness testified that the family expenses prior to the death of the testator were from $35 to $50 a month, in addition to the provisions and supplies which they obtained from the farm. The widow testified in her own behalf as to her expenses after the death of her husband, and introduced an itemized account of monthly expenses, repairs, etc., showing a total of $1113.20 in addition to which there were items for alterations and repairs, taxes and paving bill, these latter items totaling $276.65. No objection was made by the caveators to the testimony of Mrs. Harrell or to the introduction of her memoranda of expenses. The jury found that the plaintiff have and recover as a year's support in accordance with the award as made by the appraisers. The caveators filed a motion for new trial on the general grounds which was afterwards amended by adding three special grounds. In the first special ground it was alleged that the court erred in charging the jury that the widow was entitled to a twelve-months' support out of the estate of the testator, regardless of the fact that he had by will devised his widow certain portions of his property. In the second special ground it was alleged that the court erred in charging the jury that in determining what was the necessary allowance for the support of the widow during the period of twelve months, "you will take into consideration the size of the estate and the present condition of the estate, that is, with reference to whether it is solvent or insolvent. You will also take into consideration the standing of the family, the manner in which the family lived prior to the death of the husband, and the present standing of the family, and the standing of the family prior to the time the husband departed this life." In the third special ground it was alleged that the court erred, when movants contended that the burden of proof was on them and offered to assume the same and urged that they be entitled to the opening and closing arguments before the jury, in ruling that the burden of proof was on the applicant and denied movants the right to open and conclude the arguments to the jury. The motion for new trial was overruled, and the movants excepted.

■ Under the general grounds and the first special ground of the motion for new trial, the plaintiffs in error contend that the

provisions of the will show a plain and manifest intention of the testator that the property left to his wife should be in lieu of the year's support allowed to widows by Code, § 113-1002. There is no expression in the will of such an intention. It is claimed that the scheme of the testator will be defeated if the year's support be set apart to the widow. The Code, § 113-1007, provides that a testator may, by his will, make provision in lieu of the year's support, in which case the widow may elect, under the same rules as regulate her election of dower. Under Code, § 31-110, a dower may be barred by a provision made in a will and accepted by the wife after the husband's death, expressly in lieu of dower, "or where the intention of the husband is plain and manifest that it shall be in lieu of dower." In *Tooke* v. *Hardeman,* 7 *Ga.* 20, it was held that in order to put the widow to her election the testamentary provisions must be declared in express terms to be given in lieu of dower, or the intention of the testator to that effect must be deduced by clear and manifest implication from the will, or founded on the fact that the claim of dower would be inconsistent with the will, or so repugnant to its provisions as necessarily to disturb and defeat them. The Tooke will distinctly provided that all the property be kept together by the executor under his management and control until the testator's youngest son became of age or married. Notwithstanding this provision the court held that the widow could take what the testator gave her and dower also. In the case of *Speer* v. *Speer,* 67 *Ga.* 748, it was held that the provision in the will was in lieu of dower, and its acceptance barred the widow's right to dower. One provision in the Speer will was "I desire my entire estate to be kept together, either as it exists at present in stocks and bonds, personal and real estate, or that my executors in their discretion may sell all or any part of it and reinvest in good, solvent securities." This provision was considered by the court in connection with other provisions in holding that the widow would have to elect between taking under the will and taking dower. But the main ground of the court's ruling seems to have been that the entire estate was charged with two annuities, one in favor of the wife and the other in favor of the mother of the testator. The facts in the case at bar are different from those in the *Speer* case in both the particulars mentioned.

518

Whenever a year's support is carved out of property disposed of by will, the intention of the testator is defeated pro tanto, and there seems to be no greater antagonism in setting aside as a year's support a part of property which the executors have been directed to keep together than there is in taking property away from a person to whom it has been devised or bequeathed and devoting it to a year's support. In either case the right to a year's support overrides the testator's instructions. In the case at bar the testator merely expressed his desire that his executors should keep his property in good repair, that the proceeds from farming operations should be applied by them as directed, and that his property be held "in tact" and that none of the lands embraced in the life estate be sold off unless absolutely necessary, that fact to be judged of by the executor. There is no statement as to the length of time the property in the life estate is to be kept "in tact," and the decision in the *Speer* case, supra, is not applicable. The question then remains, do the provisions in Mr. Harrell's will show that his intention is "plain and manifest" that the provisions for his wife should be in lieu of year's support? The word "manifest" is a very strong word. It sometimes means "self-evident," or "indisputable," or "indubitable." If it is a matter of argument or doubt, the year's support can not be denied. In *Grant* v. *Sosebee*, 169 *Ga.* 658 (151 S. E. 336), it was held that the provisions of the Code with reference to a year's support are to be strictly construed in favor of the beneficiary. The will in the present case is very slightly disturbed by the setting apart in the year's support of a bank deposit which was not specifically mentioned in the will but was a part of the life estate given to the widow. The court did not err in instructing the jury that the widow in this case was entitled to take a year's support, the construction of the will being a question of law for the court. See *Chambliss* v. *Bolton*, 146 *Ga.* 734 (92 S. E. 204) ; *Kinard* v. *Clay*, 138 *Ga.* 544 (75 S. E. 636) ; *Latch* v. *Latch*, 21 *Ga. App.* 545 (94 S. E. 853) ; *McNair* v. *Rayburn*, 159 *Ga.* 401 (126 S. E. 9) ; *Casey* v. *Casey*, 151 *Ga.* 169 (106 S. E. 119).

■ The charge of the court complained of in the second special ground of the motion for new trial does not show error. It appears that evidence was introduced by the applicant of her expenses during the year after her husband's death, including an

itemized statement. To this evidence the caveators did not object, nor did they request the court to charge that such evidence could not be considered by the jury. The reference by the court to the "present standing of the family" doubtless referred to this evidence which was in without objection. Moreover, there are two cases in which the condition of the family after the death of the husband has been taken into consideration. In one of these cases evidence had been introduced without objection, and in the other case the Supreme Court held that the trial court erred in rejecting such evidence. *Lang* v. *Hopkins,* 10 *Ga.* 37, 42; *Cheney* v. *Cheney,* 73 *Ga.* 66, 71.

■ The third special ground claims that the court erred in holding that the burden of proof was on the applicant for a year's support, entitling her to the opening and conclusion. This is not an open question. The decision of the judge was correct since the objections in this case were being prosecuted by the executors of the estate. *Cheney* v. *Cheney,* supra. See also *Hill* v. *Hill,* 55 *Ga. App.* 500, 504 (190 S. E. 411). In the motion for new trial there is no ground that the verdict was excessive. The amount set apart by the assessors has been approved by the jury and by the judge. There was no error in overruling the motion for new trial. *Judgment affirmed. Sulton and Felton, JJ., concur.*