28265.   CLARK *v.* CLARK *et al.*

Decided May 14, 1940.   Rehearing denied June 29, 1940.

*E. C. Brannon, John S. Wood,* for plaintiff.
*Wheeler & Kenyon, Charles J. Thurmond,* for defendants.

Sutton, J.   Elijah L. Clark died testate, on March 6, 1936, leaving a widow but no children.   He willed a life-estate in all of his property, real and personal,· to his widow, Mrs. Harriett Clark, with remainder to certain legatees.   The will was probated on May 3, 1936.   On January 17, 1938, the widow, Mrs. Harriett Clark, made application for a year's support, and the appraisers duly appointed on her application set apart to her as a year's support the sum of $1600, which the widow selected to take as follows: A tract of land consisting of 158 acres, valued at $1200, four mules valued at $200, two notes for $150 and $25, and household and kitchen furniture, $25, making a total of $1600.   J. H. Clark

and other legatees under the will filed a caveat to the return of the appraisers, setting up, in substance: (1) that the will shows an intention on the part of the testator to deny to his widow the right to a year's support; (2) that the widow as one of the executors joined in having the will probated; and having thus elected to take under the will, she was estopped to claim a year's support; (3) that she had already received a support for a period of twelve months, and was not entitled to have set apart as a year's support any other funds or property from the estate; (4) that the amount set apart to her was grossly excessive; (5) that the value of the land, mules, and notes referred to in the return of the appraisers was much more than the sum specified therein. The case was appealed by consent from the court of ordinary to the superior court, where it was tried, and at the conclusion of the evidence the court directed a verdict for the caveators. The applicant for year's support made a motion for new trial, which was overruled, and she excepted.

█ Under the Code, § 113-1002, the widow of a deceased person is entitled to a year's support out of his estate, whether he dies testate or intestate. However, a testator may by his will make provision in lieu of this support, in which case the widow may elect under the same rules as regulate her election of dower. § 113-1007. Dower may be barred by a provision made by will, and accepted by the wife, after the husband's death, expressly in lieu of dower, or where the intention of the husband is plain and manifest that it shall be in lieu of dower. § 31-110 (2). In the present case it was provided in item 3 of the will: "I give, bequeath, and devise to my wife, Harriett Clark, for and during her natural life, to be used and controlled as her own, and as much thereof as is necessary for her comfort and convenience consumed by her in any manner that she may deem proper, all of my estate both real and personal, of every kind and character, for and during her natural life aforesaid, with remainder over at her death" as there specified. This will did not expressly make any provision in lieu of a year's support, or call for any election on the part of the widow. But it is contended by the caveators that it shows an intention on the part of the testator to deny to his widow the right to a year's support. According to the evidence, the testator owned 676 acres of land at the time

of his death, and owned considerable personal property besides that set apart in the year's support. The evidence was in conflict as to the value of both the real estate and personal property. The widow was the sole heir at law of the testator; and under the terms of the will all of the property, real and personal, was to be used and controlled by her as her own as long as she lived, with the right to consume as much of it as was necessary for her comfort and convenience in any manner that she might deem proper. "In order to put the widow to an election between the provisions made in her favor by the will and her right to dower in the estate of the testator, such testamentary provision in her favor must be declared in express terms to be given in lieu of dower, or the intention of the testator to that effect must be deduced by clear and manifest implication from the will, founded on the fact that the claim of dower would be inconsistent with the will or so repugnant to its provisions as necessarily to disturb and defeat them." *Chambliss* v. *Bolton,* 146 *Ga.* 734, 735 (92 S. E. 204). See also *Holt* v. *First National Bank & Trust Co.,* 180 *Ga.* 184 (178 S. E. 433); *Burch* v. *Harrell,* 57 *Ga. App.* 514, 518 (196 S. E. 205). The allowance here to the widow of a year's support in the property specified, in the sum of $1600, would not be inconsistent with the will or so repugnant to its provisions as to disturb and defeat the testamentary scheme.

■ It was contended by the defendants in error that the widow had already received a support for twelve months out of her husband's estate, and that she was not entitled to have set apart to her any other funds or property from the estate as a year's support. After the will was probated, she was entitled, under its terms, to receive, use, and consume as her own what she testified she had received, and this would not bar her right to a year's support. She testified that her husband left $800 cash; that she had spent this, paid the doctor's and other bills; that she had collected two notes, one for $1159.62, and the other for $600, and two $54 items; that she had spent this, except about half of the $1159 item; that she got the income from the farm lands for 1936 and 1937, but that this was only "about enough to carry itself along." By virtue of the will she had a right to take this and use it as her own, and was not required to account therefor in having a year's support set apart to her two years later. In

*Kinard* v. *Clay,* 138 *Ga.* 544, 547 (75 S. E. 636), it was said: "A year's support proceeds on the theory that a widow is entitled to it regardless of everything else. We hold that receiving her legacy of the life-estate in the property bequeathed by the testator does not bar the widow from applying for and having set apart to her a twelve months' support out of any portion of the estate left by the testator. While this construction of the will and the law relative to a twelve months' support apparently gives the widow an advantage, by giving her a fee to part of the land, and a life-estate in the remainder, it is necessarily the logic of the law as applied to the facts of this case." The present case is controlled in principle by the decisions cited supra, and *McNair* v. *Rabun,* 159 *Ga.* 401, 407 (126 S. E. 9); and is distinguishable from *Blassingame* v. *Rose,* 34 *Ga.* 418, *Wells* v. *Wilder,* 36 *Ga.* 194, *Fulghum* v. *Fulghum,* 111 *Ga.* 635 (36 S. E. 602), and *Hill* v. *Hill,* 55 *Ga. App.* 500 (190 S. E. 411).

■ The court erred in directing the verdict against the year's support and in favor of the caveators, and consequently erred in overruling the applicant's motion for new trial.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*