28275. ROGERS *et al.*, executors, *v.* WOODS.

DECIDED JULY 16, 1940. REHEARING DENIED JULY 30, 1940.

*Jesse M. Sellers, Hardin & McCamy,* for plaintiffs in error.

*C. C. Pittman, W. B. Robinson,* contra.

STEPHENS, P. J. Mrs. John L. Woods, the widow of J. L. Woods, applied for a year's support. On May 9, 1939, the ordinary appointed appraisers and directed that they set apart such year's support out of the estate of the deceased in either land or money as the widow should elect. On the same day the appraisers made their return and set apart for the support and maintenance of the widow for the space of twelve months, $2400 in real estate and $300 in personal property, selected by the widow, being a described lot of land in the county, containing 160 acres more or less, and also all "money, accounts, and personal property of J. L. Woods or his estate, subject however to the payment of the remainder due on burial expenses and doctor's bills of J. L. Woods, and costs of administration," together with all household and kitchen furniture of the deceased.

At the June term, 1939, of the court of ordinary, S. J. Rogers and Miss Kate Rogers, as executor and executrix of J. L. Woods, filed a caveat to the return of the appraisers and to the grant of a year's support to the widow, on the grounds (1) that J. L. Woods died testate, and appointed the caveators to execute his will (a copy thereof being attached to the caveat), which will has been duly probated in common form in the court of ordinary of Murray County, and the will specifically provides for "a life support" for the widow, in that the will provides "that the whole of his [testator's] estate be kept together," and the testator thereby clearly intended for the provision of his will "for his widow's life support to be in lieu of a year's support to her out of his estate;" (2) that caveators, as executor and executrix, assented to the provisions of the will for the life support of Mrs. Woods, and she has lived on

the estate of J. L. Woods for some eight months since the probate of the will, during which time she evidenced no intention to apply for a year's support, and therefore the widow has assented to the provisions of the will providing a life support for her; that is, that her silence "over the stated period amounts to her full assent;" (3) that the will provides fully for the management, control, and final disposition of the testator's entire estate; that such will was probated in common form, and there has been no application by the widow for the caveators to offer to probate the will in solemn form, so there has been no evidenced intention on her part to attack the will; and that "the return of the appraisers in the above-stated matter, if such return be made the judgment of this court, would wholly nullify the provisions of said will . . and render the will itself entirely impotent;" and (4) that by such return the entire estate of the testator was set apart as a year's support, and such "return and setting apart of the estate makes an unreasonable amount 'necessary for the applicant for support for the space of twelve months.'" The caveators prayed that the return of the appraisers be disapproved, and the application for a year's support disallowed.

Mrs. Woods filed a demurrer to the caveat. She demurred to paragraph 1 on the ground that it was a conclusion and failed to state sufficient facts to show any intention on the part of the testator to make provision in his will for his widow in lieu of a year's support. She demurred to paragraph 2 on the ground that no sufficient facts were alleged to show "any assent by caveators or by Mrs. J. L. Woods," and that such paragraph was a conclusion and stated no matter or thing showing any assent to any provision of the will, such as would defeat her right to a year's support. She demurred to the caveat "as a whole," on the ground that no facts were set forth sufficient to show any intention on the part of the testator to make provision in his will for her support in lieu of a year's support, and no sufficient facts were set forth to show assent by the caveators, or by her, to any provision of the will, such as would show any election by her of the provision of the will in lieu of a year's support. The ordinary "disallowed" this demurrer, and judgment was rendered in favor of the caveators. Mrs. Woods appealed to a jury in the superior court. The judge of the superior court sustained her demurrer to the caveat of the return of the

appraisers setting apart a year's support to her, and rendered the following judgment: "Upon consideration of the foregoing demurrer the same is hereby sustained in so far as it [the caveat] seeks to plead an estoppel upon the part of Mrs. J. L. Woods to claim a year's support by reason of the fact that a life-estate is created in her in the estate of J. L. Woods under the terms of the will of J. L. Woods." To this judgment the caveators excepted pendente lite. On the trial the jury found in favor of the applicant for a year's support. A motion for new trial was overruled, and the caveators excepted, assigning error on the ruling excepted to pendente lite.

The question for determination is whether or not the court erred in sustaining the demurrer to the caveat. It appears from the allegations in the pleadings and the will attached that J. L. Woods died testate, leaving a widow and several grown children surviving him. In his will he directed that all of his property "be kept together and managed in the way and manner I have managed it during my life, so long as my wife, Elizabeth Woods, [and] my daughter, Kate Woods, lives. That is to say, during the life of my wife or during the life of my said daughter I desire and direct that all of my property be kept together and managed . . the actual and immediate control of" the property to be in charge of Kate Woods during her life and "after the death of my wife and daughter, Kate Woods, my property be divided among my surviving children. . . In other words, it is my desire and I direct that *all my property be primarily a support to my wife and said daughter, Kate, during their lives or the life of either of them.* . . The corpus of my estate is not to be encroached upon, except to pay taxes and other claims which might force a legal sale of my property, *and not then if it can be avoided.*" (Italics ours.)

A widow is entitled to a year's support to be set apart to her out of the estate of her deceased husband, whether he died testate or intestate. This right is absolute, and is superior to all other claims against the estate, except as provided by law. Code, § 113-1002 et seq.; *Chambliss* v. *Bolton,* 146 *Ga.* 734 (92 S. E. 204); *Kinard* v. *Clay,* 138 *Ga.* 544 (75 S. E. 636). "A widow is entitled to a year's support out of the estate of her deceased husband, notwithstanding the fact that he left a will leaving to her a life-estate in all his property, real and personal." *Latch* v. *Latch,* 21 *Ga. App.*

545 (94 S. E. 853). "A testator may, by his will, make provision in lieu of this support for 12 months; in which case the widow may elect, under the same rules as regulate her election of dower." Code, § 113-1007. "If the husband by will shall give to his wife an interest in his lands, her election of dower shall bar her of that devise, but shall not deprive her of any interest in the personalty bequeathed to her in the will, unless it is expressed to be in lieu of dower." Code, § 31-103. Where by the will the widow is devised a life-estate in the testator's property, in order to put her to an election between the provisions of the will in her favor and her right to a year's support, such provisions in the will "must be either expressly made in lieu of year's support, or the intention of the testator to that effect must be deduced by clear and manifest implication from the will, founded on the fact that the claim of year's support would be inconsistent with the will or so repugnant to its provisions as necessarily to defeat them." *Chambliss* v. *Bolton,* supra, *Shivers* v. *Mason,* 7 *Ga.* 20.

Under the will it is provided that all of the property of the testator is devised to the widow and the daughter for life, with remainder to other children of the testator; and that the property of the testator be kept intact so long as either the widow or daughter lives. The claim for a year's support is inconsistent with and repugnant to the will, and necessarily defeats the provisions of the will, in that the allowance of a year's support to the widow will defeat the testamentary scheme of the testator, which was to provide for his wife and daughter and to keep his estate intact so long as either of them should live. Therefore the widow may elect whether she will take a life-estate under the will or a year's support. "A testator may by his will make provision for his wife in lieu of dower and twelve-months support. And where such provision has been made and accepted by the wife after the husband's death, such twelve-months support and dower will be barred." *Bass* v. *Douglas,* 150 *Ga.* 678 (104 S. E. 625).

Nothing to the contrary was ruled in *McNair* v. *Rabun,* 159 *Ga.* 401 (126 S. E. 9). In that case an election was made by the widow to take under the will; but the court held that such election was made in ignorance of the fact that the estate was insolvent, the effect of which would be to subject to the payment of the debts of the testator the property given to her under the will, and there-

fore that the widow was not barred from having set apart to her a year's support embracing the property devised to her under the will. In *Burch* v. *Harrell,* 57 *Ga. App.* 514 (196 S. E. 205), relied on by the applicant for a year's support, there was no express provision in the will that the widow was devised the property in lieu of year's support, nor did the will plainly and manifestly imply such intention on the part of the testator. It follows that the judge erred in sustaining the demurrer and striking from the caveat the grounds thereof to the effect that the will put the widow to an election, and that by her acts and conduct the widow had elected to take under the will; and thereafter in denying a new trial.

*Judgment reversed. Sutton and Felton, JJ., concur.*