28754.   MASHBURN *v.* MASHBURN.

DECIDED FEBRUARY 13, 1941.

*J. P. Fowler, R. E. Kirby,* for plaintiff in error.
*Frank B. Stow,* contra.

GARDNER, J.   W. A. Mashburn died April 17, 1930, testate. His will was duly probated in solemn form with Melvin B. Mashburn as executor.   There were only five items of the will.   1 and 2 provided for burial and payment of his debts.   The other items provided, (3) "In case I am survived by my wife, after my death I desire and direct that all of my property both real estate and personal belong and go to her in fee simple as long as she is in life.   (4) I desire and direct that my son, Melvin B. Mashburn, look after said property for my said wife, also look after & care for her, my said wife, Hulda Mashburn, as long as she is in life, and in consideration for his so doing, and for the reason that he has for the past several years looked after and cared for me & my wife, I desire & direct that after the death of myself and the death of my said wife, Hulda Mashburn, that all my property both real and personal shall go to and belong to my said son, Melvin B. Mashburn, in fee simple.   (5) I name and appoint my said son, Melvin B. Mashburn, as my executor to carry out and enforce the wishes of this will and relieve him from making any bonds or returns of said estate."   In July, 1939, the widow filed an application for a year's support.   Appraisers were appointed and in August, 1939, made returns setting aside the home place

of the deceased, consisting of thirty-three acres, except four belonging to the plaintiff in error and three belonging to another party, of the value of $330, and also set aside thirty additional acres valued at $150. Melvin B. Mashburn filed a caveat to the setting aside of this property as a year's support. The caveat was as follows:

"Comes now Melvin B. Mashburn, who is a legatee under the will of W. A. Mashburn, deceased, and as such is interested in the division of his estate, and files this his caveat and objections to the setting apart of a twelve-months support to Mrs. W. A. Mashburn from said estate and for grounds of objections says, (1) the applicant has lived upon, used and enjoyed all the property belonging to said estate for a period of nine years subsequent to the death of the testator and before filing application for a year's support, and has had and received support from said estate, solely and exclusively for and during said period of time, and in consequence applicant has received far more than the amount of the year's support set aside; (2) that the property set aside for a year's support consists of all the real property devised by the will of the deceased to applicant for life, with remainder over to caveator, except a small portion consisting of —— acres, and the setting aside of said property is repugnant to the will of the deceased and destroys the will and the testamentary scheme of the will; (3) that the application for a year's support after a period of nine years after the death of testator is a plan and scheme to defeat and destroy the will of testator and the testamentary scheme thereof, and to defeat the remainder interest of caveator in said property under said will; (4) that applicant having accepted and abided the terms of said will and received the benefits of said property under the devise in said will, and having received support from said estate during a period of nine years, has thereby elected to receive said proceeds of said estate in lieu of a year's support and is estopped from now claiming a year's support; (5) [that] testator departed this life on April 17, 1930, and his last will and testament was probated in solemn form at the June term, 1930, of this court, and admitted to record; that applicant has accepted, acquiesced in, and abided the terms of said will and received the benefits thereof and thereunder for a period of more than seven years, and is now estopped from repudiating the terms of said will and barred from

electing to have a year's support set aside to her; (6) that under the terms and provisions of said will caveator has managed and farmed said lands, and as directed therein, caveator has managed said estate and looked after and cared for and supported applicant; that before the death of testator, caveator, as set forth in said will, managed said property and cared for, looked after, and supported both testator and applicant, and the remainder interest devised to caveator in said will is expressly in compensation and pay for his services rendered to testator and applicant in managing said property, caring for, looking after, and supporting testator and applicant before the death of testator, and as compensation for his services in managing said estate and looking after, caring for, and supporting applicant as long as she is in life. Wherefore, caveator prays that these his grounds of caveat and objections to the application for a year's support by the said Mrs. W. A. Mashburn and report of the appraisers predicated thereon be by the court sustained and that a twelve-months support be by the court refused."

The ordinary dismissed the caveat and entered judgment in favor of the applicant for a year's support. The case was appealed to the superior court where, upon motion of the widow, the caveat was dismissed and final judgment entered in favor of the applicant for the year's support. The judgment of the trial court, after stating preliminaries, adds: "And in view of the decision of *Clark* v. *Clark et al.* [62 *Ga. App.* 738], 9 S. E. (2) 710 No. 28265, Court of Appeals of Georgia, division No. 2, May 14, 1940, it is ordered and adjudged that said caveat be and the same is hereby stricken and dismissed."

The right of the widow to a year's support in sociological approval and legal provisions stands high, and the courts are jealous of any attempt to encroach upon it, but in our zeal to protect it we must be careful lest we invade the rights of others equally as equitable and sacred. It is a vested right. *Swain* v. *Stewart,* 98 *Ga.* 366 (25 S. E. 831). There are several ways under our law by which the right to a year's support may be defeated. Redfearn on Wills, 522, § 289. "While lapse of time between the death of a husband, and the application of his widow for a year's support, during which time she lived upon the land and made use of the personalty of her deceased husband, may furnish ground to defeat the application before the ordinary, yet when the final judgment

of that court has been rendered in the case, it is too late to attack it, especially before another court, except for causes apparent upon the face of the record, showing a want of jurisdiction either of the person or subject-matter." *Reynolds* v. *Norvell,* 129 *Ga.* 512 (59 S. E. 299). *Goss* v. *Greenaway,* 70 *Ga.* 130. So it will be seen that delay in making application may furnish ground to defeat the right to a year's support. The facts in *Rogers* v. *Woods,* 63 *Ga. App.* 195 (10 S. E. 2d, 404), are almost identical with the facts of the instant case. In the *Rogers* case the trial judge dismissed the caveat presumably for the same reasons which prompted the dismissal of the caveat in the case at bar.

The learned trial judge in the instant case based his decision on the opinion in *Clark* v. *Clark,* 62 *Ga. App.* 738 (9 S. E. 2d, 710). At first glance it might appear that the reasoning and opinions in the *Rogers* case and in the *Clark* case are at variance, but after a careful study of the facts in each of those cases, and the opinions based thereon, there are no conflicts either in the reasoning or the conclusions. In the *Rogers* case the court simply held it was a jury question on the allegations of facts; in the *Clark* case the trial court directed a verdict in favor of the caveators, and the Court of Appeals held in effect that as a matter of law under the facts in that case it could not be said that the portion of the estate set aside as a year's support was inconsistent with the provisions of the will; that the allowance to her of a year's support was not inconsistent with the will or so repugnant to its provisions as to disturb and defeat the testamentary scheme. It will be seen that the provisions of the wills were different to a marked degree. Judge Stephens wrote the opinion in the *Rogers* case and Judge Sutton the one in the *Clark* case, each concurring in the opinion written by the other, and Judge Felton of the same division concurred in both opinions.

We think the issues made by the caveat in the instant case, save that the widow was not barred, ipso facto (*Federal Land Bank of Columbia* v. *Henson,* 166 *Ga.* 857 (4, 5), 144 S. E. 728), by her failure to bring her application within seven years next after the date of the death of the testator, should have been submitted to the jury, and the judge of the superior court erred in sustaining the motion to dismiss the caveat.

*Judgment reversed.* *Broyles, C. J., and MacIntyre, J., concur.*