30895. SAXON *et al. v.* AYCOCK, administratrix, *et al.*

DECIDED JUNE 28, 1945. REHEARING DENIED JULY 25, 1945.

*J. M. Cowart, Robert R. Forrester, R. D. Smith,* for plaintiffs in error.

*Lee Miller Jr., A. L. Miller,* contra.

PARKER, J. Mrs. Minnie Mae Aycock, as the widow of Iley Aycock, applied for a twelve months' support out of her husband's estate, after having received under his last will and testament a life-estate in all of his property. She qualified as administratrix with the will annexed upon his estate and had the will probated before making her application for the year's support. The plaintiffs in error are the remaindermen under the will. The appraisers set apart to the widow as the twelve months' support the remainder (called "reversionary" by error in the report) interest in a substantial portion of the devised property. The remaindermen interposed a caveat to the allowance of the year's support, and by consent the case was appealed to the superior court. The caveat is based upon the objections that the applicant was estopped to claim a year's support out of the remainder interests after having had the

will probated, and qualified as administratrix c. t. a. thereunder, and having taken a life-estate in the property as by the will provided; that she is not entitled to have a year's support out of the remainder interest only; that a proper construction of the will requires that the provision devising and bequeathing to her the life-estate was a disposition in lieu of a year's support; that the appraisers used an improper basis for making their report, in that the year's support should have been based upon the fee simple title to the property before the vesting of the life-estate and the remainder interest, and should not have been taken out of the remainder only; that an inadequate and unfair valuation was placed upon the property by the appraisers; and that if the "reversionary" (remainder) interest be the proper basis for valuation, the valuation placed thereon by the appraisers was unfair, inequitable, and illegal. Upon the trial the caveators moved to strike the return of the appraisers on the ground that the same was null and void in that under the will only a life-estate and an estate in remainder were created, there being no "reversionary" interest provided for by the will, and therefore there was no reversionary interest which could be taken into consideration by the appraisers and set apart by them. The court overruled that motion. Then on motion of the widow the court ordered stricken from the caveat all the allegations therein contained which attacked the right of the widow to a year's support in addition to the life-estate to which she was entitled under the will. The caveators excepted to that ruling, and to the award of a nonsuit following the introduction of evidence by the caveators, and to the judgment of the court approving the return of the appraisers.

■ There was no error in the court's refusal to strike the return of the appraisers on the motion of the caveators. It was an immaterial error on the part of the appraisers in their use of the term "reversionary" instead of the more appropriate term "remainder." There was no reversionary interest involved, but there was a remainder interest. Both are such interests as follow an estate for life or for years, and the appraisers could have meant no other interest except the one that follows the life-estate of the widow, which in this case is the remainder interest. See the Code, § 85-701, and *Booth* v. *Terrell*, 16 *Ga.* 20.

■ In support of their attack upon the court's action in striking

the allegations relative to the inconsistency of a year's support with the life-estate under the will, the caveators contend that the allowance of both amounts to a disturbance of the testamentary scheme. They say that the life-estate created by the will was provided for in lieu of a year's support. The will does not contain an express declaration to that effect, and there appears to be no implied intent that the life-estate was to be so regarded. The will directs the payment of just debts and funeral expenses, and then gives, devises, and bequeaths (in item two) "all the rest, residue, and remainder of my estate, . . unto my wife, Minnie Mae Mathis Aycock, for and during the period of her natural life." It then gives, devises, and bequeaths (in item three), upon the death of the wife, "the said rest, residue, and remainder of my estate" to the caveators, naming them, "their heirs and assigns forever. The said estate to be divided equally among them as they may elect." The fourth item in the will provides: "This will shall remain in full force and effect." Unless this last item would have the effect of adding to or taking something from the other terms of the will, it appears simply to create a life-estate in the widow with remainder to the caveators, and we do not think this item qualifies or modifies either of the others. The widow of a deceased person is entitled to a year's support out of his estate whether he dies testate or intestate. *Kinard* v. *Clay,* 138 *Ga.* 544 (75 S. E. 636) ; *Chambliss* v. *Bolton,* 146 *Ga.* 734 (92 S. E. 204). This rule does not mean that a testator can not make provisions in his will for the benefit of his widow and in lieu of a year's support, and when this is done the widow must elect as between the provisions of the will for her benefit and her right to a year's support. She can not under these circumstances take both. In order to put the widow to an election between the provisions made in her favor by the will and her right to a year's support, the testamentary provision must be declared in express terms to be in lieu of a year's support, or the intention of the testator to that effect must be deduced by clear and manifest implication from the will, founded on the fact that the claim would be inconsistent with the will or so repugnant to its provisions as necessarily to disturb and defeat them. *Clark* v. *Clark,* 62 *Ga. App.* 738 (9 S. E. 2d, 710) ; *Rogers* v. *Woods,* 63 *Ga. App.* 195 (10 S. E. 2d, 404). The terms of the instant will are simple and substantially the same

as those of the will in the *Clark* case, and are not burdened with the contingencies and directions incorporated in the wills considered and construed in the *Rogers* case and in *Mashburn* v. *Mashburn,* 64 *Ga. App.* 388 (13 S. E. 2d, 190), relied on by the plaintiffs in error. The *Clark* case is controlling on this point in the case at bar, and it follows that it was not error to strike the portions of the caveat seeking to raise an issue as to the widow's election and estoppel.

■ The objection that the appraisers improperly carved the year's support out of the remainder interest instead of taking it from the whole property before the vesting of the life and remainder estates presents a nice question. While a widow may take a life-estate in all of the property under a will, and also have set apart to her a year's support, so that she acquires the fee simple title to the property included in the year's support, the authorities do not seem to have pointedly held that the year's support should or could be taken out of the remainder interest alone. In *Kinard* v. *Clay,* supra (p. 548), the Supreme Court said: "We hold that receiving her legacy of the life-estate in the property bequeathed by the testator does not bar the widow from applying for and having set apart to her a twelve months' support *out of any portion of the estate* left by the testator." (Italics ours.) This ruling seems to hold that the appraisers might set apart a year's support either from the whole estate or from a remainder interest only therein, but that question was not involved in that case. In most cases the result is the same whether the whole property right or the remainder interest is used as the basis, but where, as in this case, the matter of the value of the award and the evidence with respect to such value are involved, the question is important. Were there no attack upon the value of the year's support award, and if there were no question as to the sufficiency of the evidence regarding the value, whether or not the award is made from the whole interest or the remainder would not matter. The caveat attacked the relative valuation of the year's support both from the standpoint of its being based upon the remainder and upon the whole property right, but the evidence seems to have dealt with the value of the whole right only. The Code, § 113-1002, describes the year's support allowance as "among the necessary expenses of administration," and it is upon this language that the caveators con-

tend that the allowance should be taken out of the entire property before the vesting of the estates created by the will, or at least that the estates should be taxed pro rata in making up the year's support award. The case of *Casey* v. *Casey*, 151 *Ga.* 169 (4) (106 S. E. 119), citing the Code section (4041 of the Code of 1910), held that the trial court properly instructed the jury that they should not consider the bequests made to the widow by the testator, in passing upon the setting apart of a year's support. As applied to the instant case, the rule would seem to require that the life-estate provided for the widow in the will is not to be considered. Then, necessarily, the award would have to come out of the remainder interest, for the life-estate and the remainder interest are the only dispositions made by the will. The caveators further contend that the carving of the award out of the remainder interest was a violation of the principle stated in the Code, § 113-821, and in *Casey* v. *Casey*, supra, (3) that the year's support must come out of the general legacies before any of the specific legacies could be applied thereto. They argue that whether the legacies in the will are general or specific, they are both alike, and both should be taxed pro rata. Even if they are in the same class, the ruling referred to first above from the *Casey* case would seem to require a disregard of the widow's life-estate devise, leaving only the remainder interest upon which to base the award.

■ In view of the foregoing rulings, the only issue properly before the court and jury on the trial was as to the value of the property interest set apart as the year's support in relation to the value of the remainder interest out of which the award was carved. Since the evidence offered by the caveators as to value relates altogether to the valuation of the whole property right, and there is no evidence with respect to the value of the remainder, or the value of the portion thereof set apart, and there is no evidence from which such values might be determined by a jury, the court did not err in awarding a nonsuit, and approving the return of the appraisers.

*Judgment affirmed. Sutton, P. J., and Felton, J., concur.*