## 48864. STUDSTILL v. STUDSTILL.

CLARK, Judge. This appeal is by a caveatrix whose attack upon the grant of a year's support from the estate of J. Randall Studstill to testator's widow was denied in the court of ordinary and subsequently in her de novo appeal to the superior court. The question for decision by us is the correctness of the trial court's ruling that as a matter of law the testamentary document's terms did not require the widow to make an election between its provisions and a year's support and the consequent ruling that the will was therefore not admissible as evidence in the superior court trial.

The will dated October 14, 1971, was detailed in nature. It provided for cash bequests to two personal friends with designations as to

the source of the funds, devised the home and furniture therein to his current wife, bequeathed his personal automobile to his former spouse (caveatrix here), and provided for the residue of his estate to be divided equally between his then wife and his former spouse. He designated a friend as executor with broad management powers and exemptions. A codicil dated December 7, 1971 eliminated only the item whereby his automobile was to go to his former spouse, the change providing for this personal vehicle to go to his widow. In that codicil he further recited that "all the rest and remainder of said last will and testament shall remain unchanged and unreputed [sic] by this codicil." His death occurred during the month after execution of this codicil. Neither in the original will nor in the codicil was there specifically stated that the widow was required to elect between taking the benefits provided for her under the will and a year's support.

After the will as amended by the codicil was probated in solemn form on January 31, 1972, the widow made application for a year's support on December 6 of that same year. The appraisers awarded her $10,000 cash plus the household furniture.

The former spouse filed her caveat to the proposed award. There were four grounds stated therein: (1) It was "grossly in excess of an amount reasonably necessary and sufficient for her support for the twelve months period following the decedent's death as estimated according to the circumstances and standing of the deceased's family prior to his death"; (2) the amount set apart for a year's support is grossly disproportionate with the gross value of said estate and with the annual income and expenditures of the deceased's family prior to his death; (3) "any application of award for a year's support shows on its face that it is not made in order to provide the widow with an amount sufficient to maintain and support her for one year but is made in an effort to avoid or reduce the sums to which caveatrix is legally entitled to under the terms of the will"; and (4) that the acceptance by the widow of the devises under the will caused a waiver of a year's support. The ordinary overruled all of these grounds and made the return of the appraisers its judgment. An appeal to the superior court followed.

Upon the commencement of the de novo superior court trial the judge sustained the widow's motion "that the issues raised by grounds 3 and 4 of the caveat were issues of law which should be decided by the court rather than the jury." He further found

"that as a matter of law that there is no plain and manifest intention expressed in said will on the part of the testator that the provision for his wife should be in lieu of year's support." Accordingly, grounds 3 and 4 of the caveat were overruled. This ruling limited the issue for decision by the jury to the question of excessiveness. The court also ruled that with the trial being limited to the matter of disproportionateness that the will itself was not admissible in evidence.

The appeal enumerates errors to be in the sustaining of the motion as to grounds 3 and 4 of the caveat and in excluding the will as evidence to submit to the jury and in "entering its final judgment concluding that as a matter of law there was no plain and manifest intention expressed in said will on the part of the testator that the provisions for his wife should be in lieu of a year's support." There is no attack upon the jury's decision confirming the award based upon the return of the appraisers.

1. "The widow of a deceased person is entitled to a year's support out of his estate, whether he dies testate or intestate. In case of testacy, in order to put the widow to an election between the provisions made in her favor in the will and her right to a year's support under the statute, such testamentary provision in her favor must be either expressly made in lieu of year's support, or the intention of the testator to that effect must be deduced by clear and manifest implication from the will, founded on the fact that the claim of year's support would be inconsistent with the will or so repugnant to its provisions as necessarily to defeat them." *Clark v. Clark,* 62 Ga. App. 738 (1) (9 SE2d 710).

2. Where, as here, the will does not expressly require an election by the widow and there is no conflict of facts requiring submission to a jury, the trial court has the duty as a matter of law to determine if the will meets the test stated in Division 1. This is the effect of the ruling by this court in *Burch v. Harrell,* 57 Ga. App. 514 (196 SE 205). There, after examining the terms of the will, our court said at page 518: "The court did not err in instructing the jury that the widow in this case was entitled to take a year's support, the construction of the will being a question of law for the court."

Among the citations to which the court refers in support of this ruling, we select *Kinard v. Clay,* 138 Ga. 544 (75 SE 636) as typifying the manner in which our appellate courts have construed Code § 113-1007. There a directed verdict for the year's support was affirmed notwithstanding that the will, which was

probated over the widow's caveat, gave her a life estate in all of the testator's property both real and personal.

3. Appellant contends that the case of *Rogers v. Woods,* 63 Ga. App. 195 (10 SE2d 404) shows the trial court to have erred. We disagree because there the opinion pointed out that the terms of the will were such that the widow was put to an election between her right to obtaining a year's support and the provisions of the will. At page 198 of the opinion our court italicized that portion of the will reading "all my property be primarily a support to my wife and said daughter, Kate, during their lives or the life of either of them." The opinion also emphasized that the corpus was not to be encroached upon except for taxes and other claims which might force a legal sale "and not then if it can be avoided." Furthermore, at page 200 the opinion differentiated *Burch v. Harrell,* supra, because in the *Burch* case "there was no express provision in the will that the widow was devised the property in lieu of year's support, nor did the will plainly and manifestly imply such intention on the part of the testator."

The other case relied upon by appellant was *Mashburn v. Mashburn,* 64 Ga. App. 388 (13 SE2d 190). The reason for the court's decision in that case is stated at page 391 to be "The facts in *Rogers v. Woods,* 63 Ga. App. 195 (10 SE2d 404), are almost identical with the facts of the instant case." There is an interesting discussion at page 391 of the opinion where the court points out that there is no conflict between *Rogers v. Woods,* supra, and *Clark v. Clark,* 62 Ga. App. 738 (9 SE2d 710) from which we quoted in the first division of this opinion. The court points out that in the *Rogers* case there was a jury question by reason of the allegations of facts. The *Clark* case, however, held "in effect that as a matter of law under the facts in that case it could not be said that the portion of the estate set aside as a year's support was inconsistent with the provisions of the will; that the allowance to her of a year's support was not inconsistent with the will or so repugnant to its provisions as to disturb and defeat the testamentary scheme."

4. A consideration of the terms of the will in the case sub judice shows that the trial court did not err. See *Chambliss v. Bolton,* 146 Ga. 734 (92 SE 204); *Latch v. Latch,* 21 Ga. App. 545 (94 SE 853); *Matthews v. Matthews,* 64 Ga. App. 580 (13 SE2d 843); *Saxon v. Aycock,* 72 Ga. App. 728 (2) (34 SE2d 914).

5. It should be noted that there was no enumeration of error

contesting the jury verdict, counsel recognizing that the amount of the allowance is a jury question. See *Calhoun Nat. Bank v. Slagle,* 53 Ga. App. 553, 556 (186 SE 445).

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED JANUARY 7, 1974 — DECIDED FEBRUARY 7, 1974.

*Young, Young & Ellerbee, O. Wayne Ellerbee,* for appellant.
*Blackburn & Bright, J. Converse Bright,* for appellee.