## 56908. ODOM et al. v. ODOM.

McMURRAY, Judge.

Lucille Odom, the widow of R. Norval Odom, deceased, filed for a year's support. Odom died leaving a will which was duly probated in solemn form. This will provided for certain benefits for the widow such as cash in the bank, but he ultimately left all of his land to his natural children by a previous marriage.

The case was appealed to the superior court from the court of probate by stipulation of the parties agreeing that the findings of the probate court would not be binding, and a de novo hearing would be held in the superior court on the question of year's support, and "the burden of proof shall be upon the widow as to proof of her entitlement to Year's Support and as to the amount thereof," she having the right to open and conclude before the jury. The parties also stipulated that the proceeding shall in all respects be the same as a proceeding in which the report of the appraisers was presented in evidence by the moving party, but that the appraisal shall not be presented before the jury.

The jury returned a verdict in favor of the plaintiff for $6,700 to be paid within 30 days of date. Judgment followed the verdict. The executors duly filed a motion for new trial, as amended, which was denied. They appeal. *Held:*

1. The first contention of the executors is that the verdict and judgment is contrary to the evidence and without evidence to support it for the reason that there is no evidence of any cash money being in the estate. They contend that the estate consists of real property and farm

equipment. However, the estate was ample to pay year's support from property, hence the executors cannot successfully refuse to pay a creditor (the widow's year's support) which is the first debt due from the assets of the estate. See Code Ann. § 113-1508 (Ga. L. 1958, p. 58; 1975, p. 711). Other argument here merely restates the enumeration of error and the motion for new trial that "[t]he verdict is decidedly and strongly against the weight of evidence in that the evidence clearly shows the appellee was not entitled to" a year's support under the law and facts. In addition, no citation of authority is made. This is simply insufficient argument to require further consideration by this court. *Hartford Acc. &c. Co. v. Taylor,* 144 Ga. App. 64, 66 (240 SE2d 575); *Haskins v. Jones,* 142 Ga. App. 153 (1) (235 SE2d 630). The enumerations of error argued as set forth in this division of the brief are not meritorious.

2. It is apparent that the executors' main contention is that the testator provided for his widow by a will, therefore, putting her to an election between these provisions and her right to a year's support under the statute since the intention of the testator to that effect was allegedly deductible by clear and manifest implication from the will. The executors also contend that by the stipulations waiving any and all other proceedings in the probate court and specifically agreeing that all issues of fact and law be decided in the superior court, the construction of the will was for jury determination, hence the trial court erred in failing and refusing to allow the will and codicils in evidence.

Examination of the will fails to disclose that it expressly requires an election by the widow wherein she was bequeathed and devised "all cash which I have at the time of my death in banks or otherwise, the personal automobile which I may own at the time of my death, and all life insurance proceeds payable to my estate unto my wife." Another item also directed the executor (his son) to pay off any first mortgage on the home owned by the wife "out of his [this executor's] portion of said estate, should there be any first mortgage owing by her on said home at the time of my [testator's] death." The will in nowise expressly required the wife to make an election inasmuch

as no such testamentary provision in the will is shown. See *Clark v. Clark,* 62 Ga. App. 738 (1) (9 SE2d 710); *Studstill v. Studstill,* 130 Ga. App. 803, 805 (1) (204 SE2d 496).

3. A reading of the stipulation shows clearly that the relationship of the duties of the trial judge and the jury were not changed by the stipulation. In fact, the will does not even require a construction by the trial court since it is clear as to the various devises, hence the claim of a year's support by the wife is not inconsistent with the will. Her claim for year's support is therefore not defeated. This is particularly so since the construction of the will is a question of law for the court. *Burch v. Harrell,* 57 Ga. App. 514 (1) (196 SE 205); *Studstill v. Studstill,* 130 Ga. App. 803, 805 (2), supra; *Strickland v. Miles,* 131 Ga. App. 300, 303 (1) (205 SE2d 880).

4. The next enumeration of error argued by the executors is that a certain request to charge is supported by *National City Bank v. Welch,* 53 Ga. App. 528 (186 SE 596), and also by the facts of the case. However, it is noted that when the executors were given an opportunity to object to the charge as given the failure to give this written request was not made the subject of an objection at that time. See Code Ann. § 70-207 (Ga. L. 1965, pp. 18, 31; 1968, pp. 1072, 1078); *Lewis v. Noonan,* 142 Ga. App. 654, 656 (4) (236 SE2d 900). While an objection to a written request may be made at some other time during the trial or whenever same is considered by the court before charging the jury no such objection is pointed out herein. See *Continental Cas. Co. v. Union Camp Corp.,* 230 Ga. 8 (2), 16-17 (195 SE2d 417). There is no merit in this complaint.

5. The next argument made by the executors was that the verdict was erroneous, "in that it required the appellants to pay the appellee the sum of cash money within 30 days from the date of the verdict, which is beyond the power and authority of the jury," and further, that it is unauthorized by law. The argument in their brief fails to contain any citation of authority and merely restates the substance of the enumeration of error, that is, "to require them to pay the sum of money within 30 days from the date of verdict is unauthorized by the

stipulations (there being no pleadings) and also unauthorized by law." It is also stated that this amounts to a mandatory injunction which is improper. At the most, this part of the verdict and judgment is merely directory and not mandatory, and can be considered as surplusage to the same. This enumeration of error is without merit.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED NOVEMBER 7, 1978 — DECIDED DECEMBER 1, 1978 — REHEARING DENIED DECEMBER 14, 1978 —

*Dubberly & Rahn, B. Daniel Dubberly, Jr., M. Francis Stubbs,* for appellants.
*Richard D. Phillips,* for appellee.